362 So.2d 1221 (1978)
Patrick A. BRANIGHAN
v.
DEPARTMENT OF POLICE.
No. 9372.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
Rehearing Denied October 19, 1978.
Irwin R. Sanders, New Orleans, for plaintiff.
Michael A. Starks, New Orleans, for defendant.
Before REDMANN, LEMMON and BEER, JJ.
*1222 REDMANN, Judge.
May a Civil Service Commission set aside the dismissal of a police officer for beating two fellow officers senseless, while conceding the beating was sufficient cause for a dismissal, on the ground that the police superintendent's exercise of his authority to dismiss was prompted by suspicion that the officer was guilty of other instances of physical abuse?
Commissioner Wood Brown III's opinion (from which only Commissioner Norris V. Fitzmorris dissented) well presents the officer's misconduct as cause:
The ultimate issue is whether the conduct of this particular appellant, under the circumstances prevailing at the time, can be countenanced. Can we permit policemen in a district station to fight with other policemen, regardless of the provocation? Are grown men to be permitted to act like children and knock other grown men senseless because of a long standing animosity among them and because of some fancied insult or untoward act? The answer to this is obvious. The record reveals that the appellant in the past, prior to this incident, "cooed" at Manale and/or Ruiz [the two officers he hit] while they were in the district. If we were to sanction appellant's acts in this instance, then Manale and Ruiz would have been justified in striking appellant each time this occurred. This, of course, cannot be tolerated.
But the opinion added:
However, in view of what appears to be a prevailing feeling that a policeman might expect to punch a fellow officer and not get fired, we prefer to ameliorate the dismissal this one last time.
At the same time, we serve notice, in the strongest possible terms, that the sort of conduct reflected by this record will not be tolerated. If another case with these facts comes before this Commission and there is an appeal from a dismissal or other heavy discipline, the appellant can expect that dismissal or other heavy discipline to be affirmed.
Thus the Commission itself decrees the officer's behavior sufficient cause for dismissal. But it reduced the penalty to the maximum suspension, in part because "a significant part of the [superintendent's] consideration for the dismissal was the [officer's] alleged past record [of "unfounded" or "not sustained" charges of brutality] and the alleged matter [another beating] for which appellant was under investigation at the time." The other reasons the Commission gave were (2) "a feeling among some of those who testified" (somewhat corroborated by Commission cases) that there existed unevenness in disciplining fighting and (3) "It appears that appellant is an above average policeman . . . [t]he City can ill afford to lose . . . in the absence of aggravated circumstances not here present."
The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline[1]) without cause. This protection arises from La.Const. art. 10 § 8(A):
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.
Cause justifying a one-day suspension might not justify a dismissal, and *1223 thereforeand in that sensethe Civil Service Commission's authority "to hear and decide" disciplinary cases, Const. art. 10 § 12, includes authority to modify (reduce) as well as to reverse or affirm a penalty. See Brickman v. New Orleans Aviation Bd., 1958, 236 La. 143,107 So.2d 422; Bernard v. Louisiana H. & H. R. A., La.App. 1 Cir. 1976, 336 So.2d 55. But, for example, cause justifying a 25-day suspension very probably would also justify a 30-day suspension, and the Commission's authority "to hear and decide" an appeal from a 30-day suspension would therefore very probably not include authority to reduce the 30-day suspension to 25 days. The Commission does not have the authority to reduce a penalty except upon a determination that there is insufficient cause for the greater penalty.
The superintendent of police is charged with the operation of his department, and the Civil Service Commission is not his supervisor. The superintendent is the one who must run his department and exercise discretion in relation to disciplining his officers, and the Commission is not charged with exercising that discretion. The superintendent may not violate any rights of his officers, and he may not discipline without cause. He cannot fire, suspend or otherwise punish any officer because he suspects the officer of impropriety (because that is not cause), and he cannot fire the suspected officer for insufficient other cause. But he can in his discretion fire any officer for sufficient cause, and it is immaterial that, before[2] or after[3] cause occurs, the superintendent express suspicion about the officer's prior performance. The fired officer may well feel that he might have escaped firing but for the superintendent's suspicion, and the superintendent might concede that had the officer's record been exemplary, without even any suspicion of similar misconduct in the past, the superintendent might have exercised his discretion to impose a suspension in place of dismissal. But the fact is that the firing was for cause (with no hint of discrimination for "political or religious beliefs, sex, or race", Const. art. 10 § 8(B)), and the Commission therefore has no authority under Const. art. 10 § 8(A) to countermand the firing.
The decision of the Civil Service Commission is reversed and former Officer Branighan's appeal to the Commission is dismissed at his cost.
NOTES
[1] We acknowledge the semantic argument that firing is not discipline (discipline does not remove the "disciple" but only his faults), inherent in art. 10 § 12's empowering the Commission "to hear and decide all removal and disciplinary cases", suggesting that a removal case is not a disciplinary case. Such an interpretation, however, irrespective of its lexicological merits, would leave the classified employee not expressly protected by the constitution against firing without cause. Yet, firing without causewith each change of administration, under the former "spoils system" which regarded all public employment as booty belonging to the political victorswas one of the principal evils prompting the creation of the civil service system. Necessarily, then, "disciplinary action" in art. 10 § 8(A) includes firing as the most extreme form of disciplinary action.
[2] E. g., "I can't prove what I suspect, but I'm `laying' for you and the minute you give me cause I'm going to fire you."
[3] As in our case's letter or dismissal, which, after setting forth the attack on Manale and Ruiz and the pertinent Rules, added:

A review of your prior disciplinary record while a member of the New Orleans Police Department reflects numerous citizens complaints against you alleging physical abuse, which in itself is highly suspect. To afford you the opportunity of presenting facts in mitigation, or explaining your most serious misconduct, I summoned you to my office on the afternoon of October 26, 1976. The explanation offered at that meeting in no way justifies or mitigates your most reprehensible conduct toward your brother officers. I further note that at present there is an ongoing criminal and administrative investigation arising from a severe beating sustained by Mr. Jose Pagan on September 21, 1976. You are a suspect in this brutal act.
As a result of your hereinabove outlined misconduct centering around your attack on Officers Manale and Ruiz I am suspending you for a period of twenty-four (24) days, such suspension having begun October 5, 1976 and extending through October 28, 1976, and am dismissing you from this Department effective October 29, 1976.