389 So.2d 739 (1980)
Anna L. JOSEPH
v.
DEPARTMENT OF HEALTH.
No. 10928.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1980.
Rehearing Denied November 17, 1980.
*740 Gertler & Gertler, M. H. Gertler, New Orleans, for plaintiff-appellee.
Michael A. Starks, Deputy City Atty., and Salvador Anzelmo, City Atty., New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff, who had permanent status in the classified civil service and who was a licensed practical nurse employed by the Department of Health for the City of New Orleans, was involved in a fight with another employee on August 10, 1978. Two days later she received written notice of dismissal from Helen Stanwood, the acting director of the Department, for deviation from professional behavior, inability to get along with certain co-workers, engaging in violence on the job, and prior physical violence during on the job arguments on March 22, 1976.
Plaintiff appealed to the Civil Service Commission which, after a hearing, revoked the dismissal and reduced the disciplinary action to a three day suspension. The defendant has appealed from that ruling.
The incident which sparked the dismissal occurred in New Orleans at the Health Center office on Earhart Boulevard. Mrs. Hattie Green, a health aide, was seated at her desk doing paper work. Plaintiff was standing behind Mrs. Green's desk speaking with Mrs. Patricia Delaune, a team leader of the home service, who was seated at her own desk.
Mrs. Green pulled open her desk drawer to get a clipboard, striking plaintiff on the leg (accidently, according to her version of the incident; deliberately, according to plaintiff's version). Plaintiff immediately and intentionally pushed the drawer closed on Mrs. Green's arm, starting a heated argument between the two women.
Mrs. Delaune, trying to calm down the participants, suggested they step outside and discuss their differences in Mrs. Johnson's (the supervisor's) office. With Mrs. Delaune leading the way, the three women started to leave, but a shoving match ensued. Mrs. Delaune continued to Mrs. Johnson's office while the two other parties engaged in a fight. The fight obviously was extremely disruptive; the record contains testimony that an office chair was thrown, the two women were "scratching and clawing" each other, and verbal insults were made by plaintiff. It was broken up by Mrs. Johnson who arrived in the office to find plaintiff seated in a chair kicking and Mrs. Green standing.
The women then proceeded to Mrs. Johnson's office where each gave her version of the incident, along with Mrs. Delaune and Coleen Rapier, a staff nurse who also was present at the time of the fight. Mrs. Johnson reported to the acting director who, after considering the incident and reviewing plaintiff's previous personnel records, dismissed the plaintiff.
Following the hearing the Commission made the following findings and reached the following conclusion: Appellant was involved in a fight on August 10, 1978 but the testimony was conflicting as to who was the aggressor; the evidence was not convincing about appellant's inability to get along with others; with the exception of physical contact with Mrs. Green on August 10, and a previous incident involving a Mrs. Smith, appellant apparently had no compatibility problems with workers or patients; the evidence failed to establish appellant was at fault or disciplined with respect to the previous fight; and, accordingly, the department failed to carry its burden of proof. It was of the opinion appellant should be disciplined for her involvement in the incident of August, 1978 but dismissal was too severe *741 and should be reduced to a three day suspension.
The legal basis for any change in a disciplinary action can only be that sufficient cause was not shown by the appointing authority. The protection of civil service employees is only against firing or other discipline without cause. This protection arises from La.Const. Art. 10, § 8(A), which reads:
"No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority." (Emphasis ours).
To paraphrase what this court said in Branighan v. Department of Police:[1] The appointing authority (here the Director of the Department of Health) is charged with the operation of her department. She is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While she may not do so without cause, she may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining.
Our examination of the record convinces us that the appointing authority dismissed the plaintiff for sufficient cause and has carried its burden of proof.
Although the evidence is conflicting as to who may have been the aggressor in the fight, it is clear that both altercations resulted from plaintiff's failure to get along with her co-workers on at least those two occasions. She had complained about some of her co-workers to other co-workers and, according to her own testimony, the animosity between Mrs. Green and herself preceded the second altercation by at least a month. As to the previous fight between plaintiff and Mrs. Smith, which occurred while plaintiff was on duty at Charity Hospital, the language and conduct of plaintiff in that fight was such as to disrupt the clinic and hospital patients. We note the Department transferred plaintiff as a result of that first fight and gave her a second chance to show she could refrain from such behavior.
In our view, the Commission was overly concerned with who was the aggressor in the two fights. As suggested by the defendant in its brief, the Department of Health cannot function efficiently if physical altercations among its employees take place during working hours in the office or in the hospital. Such disruption of the office and the hospital constitutes conduct prejudicial to the service and presents sufficient cause to warrant dismissal. In this case the Commission was without authority to substitute its judgment for that of the appointing authority.
For the reasons assigned, the decision of the Civil Service Commission is reversed and plaintiff's appeal to the Commission is dismissed at her cost.
REVERSED.
NOTES
[1] La.App., 362 So.2d 1221, 1223.