SCHOTT, Judge,
dissents.
The unanimous decision of the three member panel of the commission is as follows:
“Leander R. Cittadino was employed by the Department of Police as a Correctional Officer 1. He was dismissed on June 5, 1981 for working as a security guard for the University of New Orleans during a period when he was on sick leave without having received permission from the Department of Police, and additionally for failing to conduct a proper search of a prisoner at Central Lockup who subsequently was found to possess a knife with a fixed blade measuring ten and one-half *168 inches. Mr. Cittadino appealed from his dismissal.
The matter was assigned by the Civil Service Commission to a Hearing Examiner pursuant to Article X, Section 12 of the Constitution of the State of Louisiana, 1974. The hearing was held on August 10, 1981. The testimony presented at the hearing was transcribed by a court reporter. A copy of this transcript has been reviewed by the three undersigned members of the Civil Service Commission. The Appointing Authority established that the two incidents did occur. Appellant admits that he knowingly secured employment at the University of New Orleans during a period of his sick leave without securing proper permission. He does not remember but does not deny the incident concerning the search of the prisoner at Central Lockup. Appellant appeals to the Commission for a reduction of the severity of the penalty assessed against him by the Department of Police. Appellant offers no explanation as to why he failed to follow Department policy and seek permission to work during the extensive period of disability he encountered as a result of a back injury. He likewise offers no cogent explanation as to his failure to conduct a proper search while on duty at Central Lockup. Either of these incidents would be of sufficient gravity to justify severe disciplinary action. Taken together they cannot be viewed as insufficient cause for dismissal. Having concluded that, the Commission has no choice but to uphold the action of the Appointing Authority. Branighan v. Department of Police, 362 So.2d 1221 (La.App.1978).”
The record supports the decision in its entirety.
The Commission properly relied on the Branighan case to support their decision. It is reasonable for the Police Department to maintain safeguards against abuse of sick leave. One of these is to require that an officer on sick leave must obtain permission to leave his home. The obvious purpose is to prevent a healthy officer from getting his pay under the guise of being disabled. If he can get out of the house the department has the right to know where he’s going and why he can’t work.
As to appellant’s failure to discover a 10½ inch blade knife on the prisoner, this dereliction could have resulted in serious consequences. The safety of guards and inmates was impaired.
There was sufficient cause to discharge appellant. Neither the Commission nor this court should second guess the police chief who fired appellant for good cause.