WARD, Judge.
The Department of Finance brings this appeal of a decision by the Civil Service Commission of the City of New Orleans modifying a disciplinary action ordered by the Department. The Department had dismissed appellee, but the Commission found termination too harsh, and reduced the penalty to a suspension without pay for approximately six months. We affirm.
Mr. Myers was employed by the City as a Senior Computer Operator, and was terminated on May-13, 1982. In the letter of termination the City described two infractions by Mr. Myers:
1. After an investigation, it was determined that on March 27, 1982 at 4:30 a.m. you, along with Ms. Glenda Thomas, left the Computer Room unattended for approximately 20 minutes or more. You allowed this to happen knowing there was no one else on duty.
2. You allowed, at the same time, Ms. Thomas to take leave from 4:30 a.m. to 8:00 a.m. without charging it to any valid leave authorization.
The letter also referred to an earlier incident in which Mr. Myers was suspended for leaving the computer room unattended.
Mr. Myers appealed his dismissal to the Civil Service Commission which held a hearing on August 4, 1982, and rendered a decision on November 10, 1982. The Commission determined that the action of dismissal was an unusually harsh penalty in the circumstances, and modified the penalty against Mr. Myers to a suspension, effective from May 13, 1982 until Mr. Myers could be reinstated, no later than November 29, 1982.
The Department argues that it had sufficient cause to dismiss Mr. Myers because his absence was a serious offense both because of the risk of leaving expensive equipment unattended and because the tele-processing equipment provides a network of communication and information to many city agencies, including the Police Department. Further, the Department relies on his earlier suspension as justification for termination of Mr. Myers. For these reasons, the Department claims that the Commission erred in not upholding the original disciplinary action and in finding that the disciplinary action should be modified.
As to the most recent incidents, Mr. Myers admits the derelictions as described, although he says he was away from the computer room for only about fifteen minutes. He explained that he thought there existed an accepted practice, which he had observed, of letting an employee go early in some instances if the work was completed. He testified that he allowed Glenda Thomas to leave early so that she might go out of town to attend a wake and funeral for a *980 family member. He explained his absence: he accompanied her to the Trailways Bus Station because he thought that she would not be safe if she went to the bus station alone at 4:30 in the morning. Mr. Myers acknowledged that he had been previously suspended, and, although the earlier suspension was not on appeal, he explained that incident by testifying that the computer room was unattended at that time because of confusion about covering the shift which resulted when the City fired two employees whom he had already assigned to cover that shift.
In Newman v. Department of Fire, 425 So.2d 753 (La.1983), the Louisiana Supreme Court clearly stated the standard by which this Court should review actions of the Civil Service Commission:
The appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious....
In its decision, the Commission concluded, as had the Department, that leaving the computer room unattended is a serious offense. However, it also concluded that the offense was not so serious as to be a cause for dismissal. The Commission has the authority to reduce a penalty if it determines that the greater penalty is not justified. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978).
The Commission’s conclusions and its modification of Mr. Myers penalty have not been proven to be an arbitrary or capricious exercise of authority, and therefore its finding that the offense was an insufficient cause for the harsh penalty of dismissal, but sufficient cause for suspension, is affirmed.
Costs for this appeal will be assessed against the Department of Finance.
AFFIRMED.