SCHOTT, Judge.
This is an appeal by the Department of Sanitation of the City of New Orleans from a decision of the City Civil Service Commission reinstating Floyd Cook to employment with the Department after he was dismissed for failing to return to work following a three day suspension. The Commission concluded that this single unexcused absence from work did not constitute cause for dismissal under the particular circumstances of the case and imposed a sixty day suspension in lieu thereof. The issue in this court is whether the Commission erred in reaching this conclusion.
In April, 1982, Cook was suspended from his job as an equipment operator with the department for refusing to perform his assigned duties. He failed to return to work following the three day suspension, and was terminated from employment pursuant to departmental policy providing an employee’s failure to return to work “after an excused absence, or ... after suspension or after medical discharge” will be treated as though the employee resigned his position. One might agree that that departmental policy is reasonable as a general rule, but it must allow an exception in the case of an employee who does not deliberately fail to return to work, such as one whose automobile breaks down while returning from vacation.
At the Commission hearing Cook testified he was unable to return to work because the day before he was required by his landlord to move from a temporary apartment to his permanent apartment. Because he had been awake late the night before and early that morning while moving, Cook said he overslept. He attempted to notify the department from a pay telephone five blocks from his apartment, calling over a 25 minute period between 9 and 10 AM on the morning of his absence, to inform them he had overslept and had to remain at home to be available when the telephone and electric utility companies were to arrive to provide his apartment with services. Despite the fact that Mr. Smith, Cook’s supervisor, tes *1138 tified that someone is present 24 hours a day to receive messages, Cook testified that no one answered the telephone during any of the five or six times he rang. Cook did go to his- work station in the early afternoon and reported the circumstances of his not showing up on time and his attempts to notify his supervisor by telephone.
The Commission apparently believed Cook’s testimony and we accept that credibility determination. Furthermore, the Commission noted that Cook’s work record had been good prior to the incident giving rise to his suspension. Based on these facts and circumstances the Commission concluded that there was not sufficient cause for Cook’s dismissal.
The Commission’s action here is not in conflict, as the appointing authority argues, with Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978). Branighan held only that when sufficient cause for dismissal is shown by the appointing authority the Commission does not have the authority to substitute a lesser discipline. Here, the Commission has quite reasonably concluded that the cause was the rough equivalent of a sanitation worker showing up too late for his route on one day, with an excuse that is not perfect but also not a mere sham; and that that cause is not sufficient cause for dismissal. We are of the same opinion.
AFFIRMED.