SCHOTT, Chief Judge.
Jerome Alford, a Utilities Maintenance Supervisor with the Sewerage and Water Board for over four years, was dismissed from his employment for threatening his supervisor, Frederick Renz, with bodily harm. In the letter notifying Alford of his dismissal because of the threat, the appointing authority stated that he had been suspended in the past for failing to follow his supervisor’s instructions, for being away from his route, and for sleeping on the job. Alford appealed the dismissal to the Civil Service Commission which reversed the dismissal and substituted a sixty day suspension as a penalty. The Board has appealed.
The case was tried before a Hearing Examiner and the transcript was reviewed by three Commissioners. The Board called Alford under cross examination and called four witnesses, Najolia, Melancon, Carter and Renz. There is no dispute as to how the problem between Renz and Alford got started. A tool was missing at the end of the day and Renz decided to charge Alford for a share of the cost of the tool. Alford blew up and some harsh words and curses were exchanged.
*525 Alford was asked if he indicated during the exchange that Renz and others standing by would find themselves “in a pool of blood” and he replied: “No. What I said was, I said, due to all of this, due to the way that you are messing over me and the rest of the men, you all might find yourselves in blood, just like that....” Alford went on to say this was not a threat directed to Renz. (First day, page 12)
Najolia testified that following the other words between them, Alford told Renz that his “blood is going to wind up being on the Sewerage and Water Board property.” (First day, page 17)
Melancon testified that he heard the argument and the cursing but he did not hear about finding someone in blood. (First day, page 31)
Carter testified that he heard Alford tell Renz that he was going to find himself in a pool of blood. (First day, page 32)
Renz testified that Alford threatened him and told him “he (Alford) would find me in a pool of blood if I did not get off his 4 (four) [sic] letter worded case.” (Second day, page 6)
The burden of proof was on the appointing authority to prove its case. Constitution Art. 10, Section 8(A). The Commission apparently concluded that the Board failed to prove a threat against Renz, only profanity and disrespect for him. In reaching this conclusion the Commission noted that the Board called only three witnesses out of fiteen or twenty. However, once the Board called enough witnesses to prove the case it was under no duty to call more witnesses to give repetitive testimony and all the other supposed witnesses were equally available to Alford. The Commission ignored the testimony of Najolia and Carter about blood flowing for the stated reason that “neither witness was asked if he interpreted the statement as a threat.” This constitutes palpable and manifest error on the part of the Commission. The only reasonable interpretation anyone could place on Alford’s statement was a clear, direct threat to administer bodily harm to his supervisor.
The legal basis for any change by the Commission in the disciplinary action taken by the appointing authority can only be that sufficient cause for the action was not shown by the appointing authority before the Commission. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978), writ denied, 365 So.2d 247. Here the appointing authority proved that this employee threatened to inflict bodily harm on his supervisor. It is hard to imagine a better reason or cause for his dismissal.
The Commission’s action in this case was predicated on manifestly erroneous (clearly wrong) findings of fact and was arbitrary, capricious, and abusive of discretion. As such it is subject to modification by this Court. Walters v. Department of Police of New Orleans, 454 So.2d 106, 114 (La.1984).
Accordingly, the decision of the Civil Service Commission is reversed and set aside and the dismissal of Jerome Alford by the Sewerage and Water Board is reinstated.
REVERSED AND RENDERED.