789 So.2d 622 (2001)
Ronald STEVENS
v.
DEPARTMENT OF POLICE.
No. 2000-CA-1682.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 2001.
*623 F. Gerald Desalvo, Harry J. Boyer, Jr., Frank G. Desalvo, A P.L.C., New Orleans, LA, for plaintiff/appellee.
Mavis S. Early, City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Joseph V. Dirosa, Jr., Deputy City Attorney, New Orleans, LA, for defendant/appellant.
BEFORE: PLOTKIN, KIRBY and TOBIAS, Jr., JJ.
TOBIAS, Judge.
This is an appeal by the New Orleans Police Department (NOPD) from a decision of the Civil Service Commission of the City of New Orleans (the Commission) reducing from fifteen (15) days to ten (10) days the suspension imposed on Officer Ronald Stevens by New Orleans Police Superintendent Richard J. Pennington, the appointing authority.
On 21 April 1999, Officer Stevens, classified as a Police Officer I, and his partner, Officer Paul Noel, received an emergency call that an undercover police officer was being attacked and needed assistance. Officer Stevens activated the patrol vehicle's lights and siren and proceeded on Pitt Street to the location. As he approached the intersection of Broadway and Pitt Streets, he ran a stop sign and was struck by a civilian driving a Ryder truck.
Following an internal investigation, the Traffic Accident Review Board conducted an administrative inquiry into Officer Stevens's alleged violations of NOPD defensive driving techniques and city and state traffic laws. After considering Officer Stevens's explanation, the evidence and mitigating circumstances, the Board concluded Officer Stevens's actions warranted disciplinary action and recommended a fifteen day suspension as the penalty.
Based on the Board's recommendation, on 29 September 1999, Superintendent Pennington issued a disciplinary letter to Officer Stevens, imposing a fifteen day penalty. The letter stated in part:
[The Traffic Accident Review Board] determined that on April 21, 1999, you were involved in a traffic accident at Pitt Street and Broadway, while driving a department vehicle. While en route to an emergency call for service, you failed to stop for a stop sign and struck another vehicle.
This accident/incident, as outlined above, has been classified by the Board as Category B-Preventable, Chart III, that is, you the operator shared a portion or all the responsibility for the accident/incident, in which the operator of the department vehicle has disregarded laws and policies governing traffic laws and safe driving practices.
*624 The Superintendent concluded that Officer Stevens's conduct was contrary to the standards as prescribed by Rule IX, Section 1, paragraph 1.1 of the Rules of the Commission.
Civil Service Rule IX provides, in pertinent part, that when a classified employee is unable to perform his duties in a satisfactory manner or has committed any act to the prejudice of the service, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. This action may include, inter alia, suspension without pay not exceeding one hundred twenty (120) calendar days.
Officer Stevens appealed his fifteen day suspension to the Commission, arguing that the appointing authority failed to consider mitigating factors. At the 17 December 1999 hearing before the Civil Service Hearing Examiner, the parties stipulated that Officer Hudson Cutno of the NOPD Second District investigated the accident and completed the accident report that was introduced into evidence. The parties further stipulated that at the time of the accident, Officer Stevens was responding to an emergency call and a large oak tree obstructed his view of the stop sign.
Officer Stevens testified at the hearing that he failed to yield the right of way while responding to the emergency call for assistance. According to him, he and Officer Noel were traveling east on Pitt Street with the police vehicle's lights and siren activated. He did not see the stop sign on Pitt Street at the intersection of Broadway and proceeded through the intersection where the Ryder truck traveling south on Broadway struck his vehicle. On cross-examination, Officer Stevens acknowledged that, at the time of the accident, he had been assigned to the Second District for two years, was familiar with the area and knew Broadway was the favored street. Officer Noel also testified at the hearing and corroborated Officer Stevens's testimony.
NOPD Sergeant Charles Watkins, Officer Stevens's supervisor, testified that he reported to the accident scene and completed a supervisor's accident report, specifically noting, "In the opinion of the supervisor, officer's view of the stop sign was obstructed by a large oak tree that was directly in front of it. Also, the stop sign was completely covered with green fungus from the tree, which made it more difficult to see."
Deputy Superintendent of Police Duane Johnson, Chairman of the Accident Review Board, testified that the threemember board voted unanimously to recommend to the appointing authority that Officer Stevens be suspended for fifteen days based on his failure to yield the right of way and the severity of the accident. According to Deputy Superintendent Johnson, the police vehicle sustained property damage totaling $7,570.00 and, as a result, remained inoperable for nearly a year. The loss of the vehicle further burdened the NOPD's already heavily burdened fleet of patrol vehicles. Officer Stevens should have exercised increased caution when he responded to the emergency call and yielded the right of way to the traffic on Broadway, a major thoroughfare and favored street.
Based on the Civil Service Hearing Examiner's report, the Commission concluded that the appointing authority suspended Officer Stevens for just cause. Officer Stevens failed to yield the right of way and caused an accident with property damage. The Commission also agreed with the hearing examiner's finding that the fifteen day suspension imposed by the appointing authority was not commensurate with Officer Stevens's dereliction and reduced it to *625 ten days in view of his exemplary record and the appointing authority's previously imposed disciplinary action in similar cases.
On appeal, the NOPD argues that the Commission arbitrarily reduced the fifteen day suspension imposed by the Superintendent and exceeded its constitutional authority by substituting its judgment for that of the appointing authority.
In Smith v. New Orleans Police Department, 99-0024, pp. 5-6 (La.App. 4 Cir. 9/22/99), 743 So.2d 834, 837-838, writ denied, 99-3242 (La.1/14/00), 753 So.2d 221, this Court set forth the standard of appellate review regarding civil service disciplinary cases as follows:
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984). First, as in other civil matters, deference will be given to the factual conclusions of the Commission. Hence, in deciding whether to affirm the Commission's factual findings, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, supra.

* * * * * *
Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. La.R.S. 49:964.
Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir. 1990). The Appointing Authority has the burden of proving the impairment. La. Const. Art. X, Sec. 8(A). The appointing authority must prove its case by a preponderance of the evidence. Cittadino, supra.

"Arbitrary or capricious" can be defined as the lack of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (La.1991). A reviewing court should affirm the Civil Service Commission conclusion as to existence or cause for dismissal of a permanent status public employee when the decision is not arbitrary, capricious, or an abuse of the Commission's discretion, as presented in this case.
Employees with the permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const., Art. X, Sec. 8(A). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. Newman v. Department of Fire, 425 So.2d 753 (La. 1983).
In reviewing the Commission's findings of fact, the Court's appropriate standard of review suggests that this Court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. If the Commission's order is not arbitrary, capricious or characterized by abuse of discretion, this Court should not modify the Commission's decision. Cittadino, supra.
The Commission has the authority to "hear and decide" disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). However, *626 the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Id. at 1222. Thus, in the instant case, unless the Commission determined that there was insufficient cause for the appointing authority to impose the fifteen day suspension, the penalty must stand.
The appointing authority is charged with the operation of his or her department and it is within his or her discretion to discipline an employee for sufficient cause. Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4 Cir. 1980); Branighan, supra. The Commission is not charged with such operation or such disciplining. Id. In James v. Sewerage and Water Board of New Orleans, 505 So.2d 119 (La.App. 4 Cir.1987), we considered a decision of the Commission which reversed a five day suspension of an employee and suggested a reprimand instead. In reversing the Commission and reinstating the suspension, we reaffirmed and reiterated the holdings in Joseph and Branighan, stating:
It is not the job of the Commission to decide who should be disciplined how. The appointing authority is charged with the operation of his department. He is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While he may not do so without cause, he may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining.
Id. at 121.
In Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656, we rejected the Commission's reduction of a suspension from thirty days to ten days, holding that the Commission is not charged with the operation of the NOPD or disciplining its employees. We concluded that the Commission's action was simply a substitution of its judgment for the Superintendent's judgment. We found that the Superintendent had sufficient cause to impose the penalty and that the NOPD carried its burden of proof. The Commission's action was an arbitrary and capricious interference with the authority of the Superintendent to manage his department.
Similarly, in Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, we reversed the Commission's reversal of the NOPD's imposition of a two day suspension. In that case, the Commission substituted its judgment as to the appropriate sanction without an articulated basis for its action. We held the Commission acted arbitrarily and found legal cause for disciplinary action existed where the officer's actions clearly impaired the efficient operation of the public service.[1]
Recently, in Smith v. New Orleans Police Department, 00-1486 (La.App. 4 Cir. 4/11/01), 784 So.2d 806, we reversed the Commission's reduction of a suspension from five days to two days for an officer's failure to complete an investigation of a shoplifting incident by writing a police report and confiscating surveillance tapes that showed the alleged perpetrator fleeing the scene. We found there was ample evidence to show that the Superintendent acted reasonably and with sufficient legal cause in imposing a five day suspension under the circumstances of the case.
*627 The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman, supra. Indeed, the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public's safety and operate as quasi-military institutions where strict discipline is imperative.
In the present case, the Commission never found that the Superintendent lacked sufficient cause to impose the suspension or that the NOPD failed to carry its burden of proof. To the contrary, the Commission concluded that Officer Stevens violated a local traffic ordinance and caused an accident that resulted in substantial damage to a NOPD patrol vehicle. The loss of the police vehicle certainly impaired the efficient operation of the police department. Under these circumstances, we find the Commission's reduction from fifteen to ten days the suspension imposed by the appointing authority on Officer Stevens was an arbitrary and capricious interference with the Superintendent's authority to manage the NOPD. As in the above-cited cases, the Commission's action was simply a substitution of its judgment for that of the Superintendent and, thus, cannot stand.
Accordingly, the decision of the Civil Service Commission is reversed and the fifteen day suspension imposed upon Officer Ronald Stevens by the appointing authority is reinstated.
REVERSED AND RENDERED.
NOTES
[1] A prisoner in the officer's custody escaped because the officer did not follow police procedure.