h MURRAY, Judge.
The New Orleans Police Department [NOPD] appeals the judgment of the New Orleans Civil Service Commission [the Commission] insofar as it reverses the one-day suspension levied by the NOPD against Officer Timothy Williams.
The facts are not in dispute. Williams is a Police Officer III with permanent status in the Civil Service System. On March 2, 1997, at 8:00 p.m., Williams locked his utility belt, including his 9mm weapon and his police radio, in the rear hatchback of his 1991 Mitsubishi Eclipse, which was parked at his residence. The next day, at 2:00 p.m., he discovered that someone had broken into his car and stolen, among other personal items, his weapon and police radio. The burglar had drilled open the driver’s door lock and gained entry to the rear hatch by activating the lock release button for the trunk, which was located on the driver’s side door.
Following an internal administrative investigation, Williams was suspended for one day and assessed a fine of $400.00 for violating an NOPD internal regulation regarding proper care of departmental property. Williams filed a timely appeal to the Commission. On November 16, 2000, the Commission upheld the NOPD’s imposition of the $400.00 fine against Williams, but reversed the one-day suspension against him. The Commission reasoned as follows:
[ 2[T]he Appointing Authority has met its burden of proof. However, a fine is a sufficient penalty. After hearing numerous appeals concerning this rule, we must note that in all of the cases of this sort, the Appointing Authority has fined the Appellant without suspension. Thus, the appeal should be granted in part, and denied in part. The penalty is reduced to the assessed fine.
In its sole assignment of error, the NOPD argues that the Commission acted arbitrarily and capriciously and committed clear legal error by reducing the penalty imposed by the Superintendent of the NOPD, and exceeded its constitutional authority by substituting its judgment for that of the appointing authority. We agree. Therefore, we reverse the portion of the Commission’s judgment eliminating the one-day suspension and reinstate the penalty originally imposed upon Williams by the NOPD.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. The employee may appeal from such disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const. art. X § 8 (1974); Walters v. Department of Police of New Orleans, 454 So.2d 106, 112-113 (La.1984). The Commission’s decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const. art. X § 12(B).
The Commission has a duty to independently decide, from the facts presented, whether the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Walters, supra, at 113. Legal cause for disciplinary action exists whenever an employee’s conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir.1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial rela *1089 tionship to the efficient operation of the public service. Id., at 1315.
In reviewing the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters, supra, at 114. “Arbitrary or capricious” means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The Commission has the authority to “hear and decide” disciplinary cases, which includes the authority to modify (reduce), as well as to reverse or affirm, a penalty. La. Const. art. X § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause. Id. at 1222. (emphasis in original)
The superintendent of police is charged with the operation of his department, and it is within his discretion to discipline an officer for sufficient cause. The Civil Service Commission is not charged with such operation or such disciplining. Id. at 1223.
In Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656, we rejected the Commission’s reduction of a suspension from thirty to ten days, holding that the Commission is not charged with the operation of the RNOPD or disciplining its employees. Importantly, we noted that the Commission had concluded that Chapman had violated departmental regulations, but it believed .that the thirty-day suspension was “too harsh” under the circumstances. We concluded that the Commission’s action was simply a substitution of its judgment for the superintendent’s judgment. We found that the superintendent had sufficient cause to impose the penalty and that the NOPD carried its burden of proof. Therefore, we held that the Commission’s action was an arbitrary and capricious interference with the authority of the superintendent to manage his department.
Similarly, in Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, we reversed the Commission’s reversal of the NOPD’s imposition of a two-day suspension where a prisoner in an officer’s custody had escaped because the officer had not followed police procedure. In its decision, the Commission noted that it had found mitigating circumstances that should have been taken into account when it was determined by the NOPD that Officer Palmer’s actions had impaired the efficient operation of the public service. This court, however, noted that Officer Palmer’s actions either did, or did not, impair the efficiency of the public service, despite mitigating circumstances. Finding that Officer Palmer’s actions clearly had impaired the efficiency of the public service, we held that the Commission’s opinion that the two-day suspension was inappropriate was simply a substitution of its judgment for that of the appointing authority.
Again, in Smith v. New Orleans Police Department, 2000-1486 (La.App. 4 Cir. 4/11/01), 784 So.2d 806, we reversed the Commission’s reduction of a suspension from five days to two days for an officer’s failure to complete an investigation of a shoplifting incident by writing a police report and confiscating | ¡^surveillance tapes that showed the alleged perpetrator flee *1090 ing the scene. We found there was ample evidence to show that the superintendent acted reasonably and with sufficient legal cause in imposing a five-day suspension under the circumstances of the case.
Recently, in Stevens v. Department of Police, 2000-1682 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, we reversed the Commission’s reduction of a suspension from fifteen days to ten days for an officer’s running of a stop sign and causing an accident with another vehicle. The Commission concluded that the appointing authority had suspended Officer Stevens for just cause; nevertheless, it found that the fifteen day suspension was not commensurate with the dereliction and reduced it to ten days in view of Officer Stevens’ exemplary record and the appointing authority’s previously imposed disciplinary action in similar cases. We held that the Commission’s reduction of the suspension was an arbitrary and capricious interference with the superintendent’s authority to manage the police department.
In the instant case, the Commission did not find that the NOPD failed in its burden of showing sufficient cause for the discipline imposed on Williams. To the contrary, it specifically found that the appointing authority had met its burden, but that a fine alone was a sufficient penalty. The Commission based its conclusion on the fact that it had heard numerous appeals concerning the same rule at issue here, and in all of those cases, the appointing authority had merely fined the offending officer without suspension. As we found in Palmer, Chapman, Smith and Stevens, the Commission’s action was simply a substitution of its judgment for that of the appointing authority. Even if true, the fact that the NOPD may have imposed different penalties on other officers for similar violations is not sufficient justification for the Commission’s decision to alter the penalty in a case where the | fiappointing authority has shown sufficient cause for disciplinary action. Moreover, there was no evidence introduced at the hearing regarding prior disciplinary action by the NOPD in similar cases. We therefore find that the Commission’s decision in the instant case was an arbitrary and capricious interference with the authority of the superintendent to manage his department.
Accordingly, the decision of the Commission is reversed insofar as it eliminates the one-day suspension imposed on Officer Williams; that suspension is reinstated; and the Commission’s decision is affirmed in all other respects.
AFFIRMED IN PART AND REVERSED IN PART.