TOBIAS, J.,
concurring.
I respectfully concur in the result.
The discipline imposed by the appointing authority (a one-day suspension from duty and a ninety day suspension of detail privi *851 leges) and confirmed by the Civil Service Commission is not arbitrary, capricious, or characterized by an abuse of discretion. Smith v. New Orleans Police Department, 99-0024 (La.App. 4 Cir. 9/22/99), 734 So.2d 834.
In Stevens v. Department of Police, 2000-1682, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627, we said:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman [v. Department of Fire, 425 So.2d 753 (La.1983)], supra. Indeed, the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public’s safety and operate as quasi-military institutions where strict discipline is imperative.
I find that the Commission has fulfilled its function. Officer Penn, who was assigned to the Fifth District, worked a paid detail at the Windsor Court Hotel. No record exists in the police department’s Fifth District database of that paid detail. No evidence is found in police records that New Orleans Police Paid Detail/ Outside Employment Authorization Form # 21, required by police regulation ASOP |?85.0, was prepared by Officer Penn prior to working the paid detail. Officer Penn could not identify the supervisor in the Eighth District (where the detail work was performed) to whom he claimed he gave the completed form
The decision of the Commission is properly and appropriately affirmed.