TOBIAS, J.,
concurs in part, dissents in part, and assigns reasons.
_JjThe gravamen in this case is whether the appointing authority, the New Orleans Police Department, and more specifically, Superintendent of Police Roñal W. Serpas, abused his discretion in terminating Officer Lewis from his civil service status protected job with the department solely because Officer Lewis entered a plea of guilty to the misdemeanor offense of simply cruelty to animals, La. R.S. 14:102.1 A(2), even though Superintendent Serpas opines that each disciplinary action is reviewed on a case-by-case basis.
The law is, in my view, quite clear and is summarized by the following quote from Stevens v. Dept. of Police, 00-1682, pp. 4-8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 625-27:
In Smith v. New Orleans Police Department, 99-0024, pp. 5-6 (La.App. 4 Cir. 9/22/99), 743 So.2d 834, 837-838, writ denied, 99-3242 (La.1/14/00), 753 So.2d 221, this Court set forth the standard of appellate review regarding civil service disciplinary cases as.follows:
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984). First, as in other civil matters, deference will be given to the factual conclusions of the Commission. Hence, in deciding whether to |2affirm the Commission’s factual findings, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, supra.
* * ⅜
Second, in evaluating the Commission’s determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious, or characterized by abuse of discretion. La. R.S. 49:964.
Legal cause exists whenever an employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir.1990). The Appointing Authority has the burden of proving the impairment. La. Const. Art. X, Sec. 8(A). The appointing authority must prove its case by a preponderance of the evidence. Cittadino, supra.
“Arbitrary or capricious” can be defined as the lack of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (La.1991). A reviewing court should affirm the Civil Service Commission conclusion as to existence or cause for dismissal of a permanent status public employee when the decision is not arbitrary, capricious, or an abuse of the Commission’s discretion, as presented in this case.
Employees with the permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const., Art. X, Sec. 8(A). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
In reviewing the Commission’s findings of fact, the Court’s appropriate standard of review suggests that this Court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. If the Commission’s order is not arbitrary, capricious *458 or characterized by abuse of discretion, this Court should not modify the Commission’s decision. Cittadino, supra.
The Commission has the authority to “hear and decide” disciplinary cases, which includes the authority |3to modify (reduce) as well as to reverse or affirm a penalty. La. Const, art. X, § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). However, the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Id. at 1222. Thus, in the instant case, unless the Commission determined that there was insufficient cause for the appointing authority to impose the fifteen day suspension, the penalty must stand.
The appointing authority is charged with the operation of his or her department and it is within his or her discretion to discipline an employee for sufficient cause. Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980); Branighan, supra. The Commission is not charged with such operation or such disciplining. Id. In James v. Sewerage and Water Board of New Orleans, 505 So.2d 119 (La.App. 4 Cir.1987), we considered a decision of the Commission which reversed a five day suspension of an employee and suggested a reprimand instead. In reversing the Commission and reinstating the suspension, we reaffirmed and reiterated the holdings in Joseph and Brani-ghan, stating:
It is not the job of the Commission to decide who should be disciplined how. The appointing authority is charged with the operation of his department. He is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While he may not do so without cause, he may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining.
Id. at 121.
In Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656, we rejected the Commission’s reduction of a suspension from thirty days to ten days, holding that the Commission is not charged with the operation of the NOPD or disciplining its employees. We concluded that the Commission’s action was simply a substitution of its judgment for the Superintendent’s judgment. We found that the Superintendent had sufficient cause to impose the penalty and that the NOPD carried its burden of proof. The Commission’s action was an arbitrary and capricious | ^interference with the authority of the Superintendent to manage his department.
Similarly, in Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, we reversed the Commission’s reversal of the NOPD’s imposition of a two day suspension. In that case, the Commission substituted its judgment as to the appropriate sanction without an articulated basis for its action. We held the Commission acted arbitrarily and found legal cause for disciplinary action existed where the officer’s actions clearly impaired the efficient operation of the public service.
Recently, in Smith v. New Orleans Police Department, 00-1486 (La.App. 4 Cir. 4/11/01), 784 So.2d 806, we reversed the Commission’s reduction of a suspension from five days to two days for an officer’s failure to complete an investigation of a shoplifting incident by writing a police report and confiscating surveil *459 lance tapes that showed the alleged perpetrator fleeing the scene. We found there was ample evidence to show that the Superintendent acted reasonably and with sufficient legal cause in imposing a five day suspension under the circumstances of the case.
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman, supra. Indeed, • the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public’s safety and operate as quasi-military institutions where strict discipline is imperative. [Emphasis supplied; footnote omitted; reproduced verbatim.]
I have been unable to locate any Louisiana jurisprudence where a civil service employee such Officer Lewis has been terminated either for the death of a dog in his care and custody[1] or a single misdemean- or that does not involve a crime against a person, sexual abuse, or dishonesty.
My review of the record of this ease establishes clearly that Officer Lewis’ plea of guilty to the lesser offense of simple cruelty to animals in lieu of the | ..charged felony offense of aggravated cruelty to animals was nothing more than an Alford[2], plea. Substantial public interest in the criminal case was present due to media attention. Although no abuse of the Criminal District Court trial judge’s discretion is demonstrated, possible perceived “hostility” towards Officer Lewis by the trial judge may have induced him to enter a guilty plea. The trial judge refused to continue the trial or permit Officer Lewis to plead to the misdemeanor charge without waiver of La.C.Cr.P. art. 894 benefits.
The mandate to the Civil Service Commission is only to give “heightened” regard to the appointing authority in police discipline cases, not to blindly follow that which the appointing authority determines where the appointing authority is a quasi-military institution. Stevens, p. 8, 789 So.2d at 627.
In this case, Officer Lewis’ guilty plea will follow him for the rest of his career with the police department, let alone the rest of his work life. Any time he might testify in a case in the future, his guilty plea is subject to being addressed on cross-examination by a defendant. La. C.E. arts. 404, 607 et seq. But this must be weighed against Officer Lewis’ entire disciplinary record from the time he became a police officer on 28 September 1997 and the reasonable possibility that a reassignment to another position in the police department where contact with the courts is unlikely.
Accordingly, I concur in that part of the majority’s decision to reverse the discharge of Officer Lewis. The Commission abused its discretion under the totality of the facts developed during the course of the investigation of Officer Lewis. However, I do find that the appointing authority had a right to impose reasonable discipline in this case simply because a police *460 officer, a person with permanent civil service status, who pleads guilty to a misdemeanor that is a lesser |fioffense than the felony for which the person is charge, does on some level impair the efficient operation of the appointing authority. Accordingly, I would reduce Officer Lewis’s discipline to a 90-day suspension without pay, or, alternatively, remand the matter to the Civil Service Commission to impose a more appropriate penalty than dismissal from service. I therefore respectfully concur in part and dissent in part.

. I am mindful of the fact that Primo, the Belgian Malinois, was in Officer Lewis' care and custody 24-hours a day, seven days per week, and lived with Officer Lewis and his family. Certainly and implicitly some affection between Officer Lewis and Primo existed, and I believe that Officer Lewis was sincerely saddened by Primo’s death and suffered.

. An Alford plea or “best interest” plea is derived from North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which the defendant pleads guilty while maintaining his innocence.