DYSART, J.,
dissents, with reasons.
hAs the Supreme Court recognized in Bannister v. Dep’t of Streets, 95-0404, p. 7 (La. 1/16/96), 666 So.2d 641, 646, the appointing authority is charged with the responsibility of taking disciplinary action against an employee for impairing the efficiency of public service. To concentrate solely on the possible prejudice to the employee for any delayed decision ignores the rights and duties of the appointing authority to protect the public.
Weighing the possible prejudice to the employee with the rights and duties of the appointing authority is particularly important with regard to the police department as the public expects the police to act as guardians of its safety. See Stevens v. Dep’t of Police, 2000-1682, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627.
Further, La. R.S. 40:2531 B(7) states in part: “[n]othing in this Paragraph shall limit an investigation of alleged criminal activity.” This language suggests that a criminal investigation is separate and apart from a civil administrative investigation. The record indicates that the administrative investigation did not begin until March 5, 2010, and the investigation was completed on April 27, 2010, within the sixty-day time period.
Lin this case it is undisputed that Officer O’Hern’s action impaired the efficiency of public service. Officer O’Hern stipulated to the facts of the incident, which was in fact a criminal offense, and that his actions impaired the efficient operation of the public service.
To find that the administrative investigation was not completed within the sixty-day time period leads to a nonsensical result. Therefore, I respectfully dissent.