863 So.2d 572 (2003)
Andrew WHITAKER
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2003-CA-0512.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 2003.
Rehearing Denied February 6, 2004.
*573 Eric J. Hessler, Frank G. DeSalvo, A P.L.C., New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge DAVID S. GORBATY, and Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
FACTS
Appellant, Andrew Whittaker, seeks review of the Civil Service Commission's decision dismissing his appeal of his termination with the New Orleans Police Department (NOPD). The appellant was terminated after he used a police department vehicle while he was off-duty. He said that he had gone to a Christmas party where he had consumed four or five drinks of whiskey without eating. Leaving the party, the car slid in a water puddle and struck a fence at the Cold Storage Warehouse on Alvar Street, causing minor damage to the fence. The appellant said the accident happened when it was raining, and that it would not have happened but for the rain. He said that the Harbor Police Officers who arrived at the scene told him to follow them in his own car to the Harbor Police Department, and he did so.
*574 The NOPD investigating officer said that the appellant was coherent but had alcohol on his breath and that his speech was slurred. Otherwise, the appellant "was fine." The appellant refused to take a breathalizer test with regard to a possible criminal prosecution, but he submitted to an administrative field sobriety test. He refused to make a statement at the time. The breath test revealed a blood alcohol level over the legal limit, specifically.0168. He was not prosecuted for driving while intoxicated.
The appellant later paid for the entire fence, not just the area that had been damaged, for a total cost of $1,700.00, and entered an alcohol rehabilitation program. He was still attending weekly classes at the time of the hearing. The car was old, had high mileage, and was determined not to be worth repairing. The appellant was a four-year veteran of the NOPD and had never been disciplined. However, Superintendent of Police Edward Compass testified at the hearing that it was his policy that any police officer who drives a department vehicle while intoxicated will be terminated. The Superintendent said he did not know whether he issued a formal written policy, but that he had made the internal policy clear to the district commanders. He "had no idea" of whether the appellant knew of the policy. The Superintendent stressed the need for a uniform departmental policy about drinking and driving. It appears that the appellant might have been the first person to be disciplined under the policy. The Superintendent said that the appellant indeed had a "great record."
LAW AND ANALYSIS
The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action and, if so, whether punishment imposed is commensurate with the dereliction. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984). The appointing authority has the burden of proving by the preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service. Cittadino v. Department of Police, 558 So.2d 1311 (La. App. 4 Cir.1990). In reviewing the decisions of a Civil Service Commission, a reviewing court should not reverse a Commission conclusion as to the existence or absence of cause for dismissal, unless the decision is arbitrary, capricious or an abuse of the Commission's discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971); Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 (1954).
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. First, as in other civil matters, deference will be given to the factual conclusion of the Commission. Hence, in deciding whether to affirm the Commission's factual finding, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, 454 So.2d at 114.
Second, in evaluating the Commission's determination as to whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an abuse of discretion. Id. "Arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404 p. 8 (La.1/16/96), 666 So.2d 641, 647.
*575 In Stevens v. Department of Police, XXXX-XXXX (La.App. 4 Cir. 5/9/01), 789 So.2d 622, the officer was responding to a call of an undercover officer in distress. The officer ran a stop sign on a prominent, busy Uptown street and totaled the police vehicle. He alleged his view was blocked by an oak tree. The Superintendent issued a disciplinary letter, imposing a fifteen day suspension. The Commission reduced the suspension to ten days, and this court reversed, reinstating the twenty day suspension. This court stated:
Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir. 1990). The Appointing Authority has the burden of proving the impairment. La. Const. Art. X, Sec. 8(A). The appointing authority must prove its case by a preponderance of the evidence. Cittadino, supra. "Arbitrary or capricious" can be defined as the lack of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (La.1991). A reviewing court should affirm the Civil Service Commission conclusion as to existence or cause for dismissal of a permanent status public employee when the decision is not arbitrary, capricious, or an abuse of the Commission's discretion, as presented in this case. Employees with the permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const., Art. X, Sec. 8(A). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
In reviewing the Commission's findings of fact, the Court's appropriate standard of review suggests that this Court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. If the Commission's order is not arbitrary, capricious or characterized by abuse of discretion, this Court should not modify the Commission's decision. Cittadino, supra.

The Commission has the authority to "hear and decide" disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). However, the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Id. at 1222. Thus, in the instant case, unless the Commission determined that there was insufficient cause for the appointing authority to impose the fifteen day suspension, the penalty must stand.
The appointing authority is charged with the operation of his or her department and it is within his or her discretion to discipline an employee for sufficient cause. Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980); Branighan, supra. The Commission is not charged with such operation or such disciplining. Id. In James v. Sewerage and Water Board of New Orleans, 505 So.2d 119 (La.App. 4 Cir.1987), we considered a decision of the Commission which reversed a five day suspension of an employee and suggested a reprimand instead. In reversing the Commission and reinstating the suspension, we reaffirmed and reiterated the holdings in Joseph and Branighan, stating:
It is not the job of the Commission to decide who should be disciplined how.

*576 The appointing authority is charged with the operation of his department. He is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While he may not do so without cause, he may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining. Id. at 121.
In Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656, we rejected the Commission's reduction of a suspension from thirty days to ten days, holding that the Commission is not charged with the operation of the NOPD or disciplining its employees. We concluded that the Commission's action was simply a substitution of its judgment for the Superintendent's judgment. We found that the Superintendent had sufficient cause to impose the penalty and that the NOPD carried its burden of proof. The Commission's action was an arbitrary and capricious interference with the authority of the Superintendent to manage his department.
Similarly, in Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, we reversed the Commission's reversal of the NOPD's imposition of a two day suspension. In that case, the Commission substituted its judgment as to the appropriate sanction without an articulated basis for its action. We held the Commission acted arbitrarily and found legal cause for disciplinary action existed where the officer's actions clearly impaired the efficient operation of the public service.
Recently, in Smith v. New Orleans Police Department, 00-1486 (La.App. 4 Cir. 4/11/01), 784 So.2d 806, we reversed the Commission's reduction of a suspension from five days to two days for an officer's failure to complete an investigation of a shoplifting incident by writing a police report and confiscating surveillance tapes that showed the alleged perpetrator fleeing the scene. We found there was ample evidence to show that the Superintendent acted reasonably and with sufficient legal cause in imposing a five day suspension under the circumstances of the case.
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman, supra. Indeed, the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public's safety and operate as quasi-military institutions where strict discipline is imperative.
In the present case, the Commission never found that the Superintendent lacked sufficient cause to impose the suspension or that the NOPD failed to carry its burden of proof. To the contrary, the Commission concluded that Officer Stevens violated a local traffic ordinance and caused an accident that resulted in substantial damage to a NOPD patrol vehicle. The loss of the police vehicle certainly impaired the efficient operation of the police department. Under these circumstances, we find the Commission's reduction from fifteen to ten days the suspension imposed by the appointing authority on Officer Stevens was an arbitrary and capricious interference with the Superintendent's authority to manage the NOPD. As in the above-cited *577 cases, the Commission's action was simply a substitution of its judgment for that of the Superintendent and, thus, cannot stand.
Accordingly, the decision of the Civil Service Commission is reversed and the fifteen day suspension imposed upon Officer Ronald Stevens by the appointing authority is reinstated.
Stevens, pp. 5-9, 789 So.2d at 625-627.
In the case at bar, the evidence presented at the hearing substantiates the findings of the NOPD and the Civil Service Commission that the appellant violated the rules concerning driving a police vehicle while intoxicated. However, the appellant was a four year veteran of the police department with an unblemished record. Although we applaud the Superintendent's policy that officers who drink and drive must lose their jobs, we find that at the time of this accident, the policy had not been formally publicized, and that the appellant might not have known of the policy, especially as it applied while he was off duty. Evidently, no other officer before him suffered termination for a similar act. He has repaired the damage to the fence, and has entered alcohol rehabilitation. We therefore, find the Commission erred when it affirmed the termination and remand for the determination of a lesser punishment.
REVERSED AND REMANDED.