26 So.3d 815 (2009)
Jason BANKSTON
v.
DEPARTMENT OF FIRE.
No. 2009-CA-1016.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 2009.
*817 Louis L. Robein, Jr., Kevin R. Mason, Robein Urann Spencer Picard & Cangemi, APLC, Metairie, LA, for Plaintiff/Appellant.
Penya Moses-Fields, City Attorney, Victor L. Papai, Jr., Assistant City Attorney, Nolan P. Lambert, Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge EDWIN A. LOMBARD).
PATRICIA RIVET MURRAY, Judge.
This is a civil service case. Jason Bankston, an employee of the New Orleans Fire Department (NOFD), seeks reversal of the decision of the Civil Service Commission denying his appeal of the discipline imposed by the appointing authority, the NOFD. Mr. Bankston contends that his actions were not prejudicial to the efficient operation of the NOFD and that the discipline imposeda ninety (90) day suspensionwas not commensurate with the offensefailing to report for a hurricane emergency activation. We affirm the Commission's finding that Mr. Bankston should be disciplined and suspended, but we amend that judgment to reduce the length of his suspension from ninety (90) to thirty (30) days.

FACTUAL AND PROCEDURAL BACKGROUND
In August 2000, Mr. Bankston, a Fire Apparatus Operator, was hired by the NOFD. In April 2008, he attained permanent status. In September 2008, the NOFD filed charges against Mr. Bankston for violating Section 4 of the NOFD Hurricane Guidelines, which mandates that certain fire suppression personnel report for duty when an emergency activation is called. Mr. Bankston was charged with failing to report for duty at 7:00 p.m. on August 31, 2008, during the recall for Hurricane Gustav. He pled not guilty to the charge. On October 2, 2008, the Superintendent of Fire, Charles Parent, issued a disciplinary letter to Mr. Bankston finding him guilty and suspending him for ninety (90) days. Mr. Bankston appealed the NOFD's decision to the Commission. The *818 Commission appointed a hearing officer to receive testimony. At the Commission hearing, three witnesses testified: Mr. Bankston, Captain Edward Poole, and Deputy Bryan Johnson. To provide a background for our analysis, we summarize the testimony of each witness.

(i) Mr. Bankston
On Sunday, August 31, 2008, Mr. Bankston completed his regularly-scheduled shift, which ended at 7:00 a.m. When his shift ended, he evacuated his familywife and fourteen month old babyout of the city in preparation of Hurricane Gustav. Mr. Bankston explained that his wife suffers from asthma attacks and was unable to evacuate herself and their baby safely without assistance. He therefore drove his family to a relative's house north of Houston, Texas. While en route to Houston, he received a telephone call at about 3:00 p.m. from Captain Peltier, who informed him that all firemen were to report at 7:00 p.m. that day for emergency activation. Because contra flow traffic (both sides of the interstate being utilized for evacuation purposes) had begun, Mr. Bankston was unable to turn around. He informed Captain Peltier he would report as soon as he dropped off his family.
Mr. Bankston's trip to Houston took a very long time (about thirteen hours) because southeast Texas contemporaneously was evacuating in preparation for the hurricane. When he arrived at his destination in Houston around 9:00 p.m., Mr. Bankston contacted his immediate supervisor, Captain Poole, and the District Chief, Chief LeBlanc. He informed them that he was going to rest for a few hours and start back to New Orleans early the next morning to report for duty.
On the next morning, he woke up at 4:00 a.m. and headed towards New Orleans; however, he was not allowed to travel past Lafayette. When he reached Lafayette, the state police would not let him through. Even though he possessed credentials from Hurricane Katrina identifying him as a first responder, the state police informed him that all roads to the New Orleans area were closed and that no one would be let through. Mr. Bankston thus returned to Houston. Mr. Bankston explained that after the hurricane hit portions of the interstate remained closed due to downed power lines. When he learned on Wednesday that the roads were clear, he returned to New Orleans. He arrived home on Wednesday afternoon. Because the fire department had returned to the normal work schedule, he did not return to work until Friday, his next regular workday.
While he was out of town, Mr. Bankston remained in daily contact with Captain Poole and Chief LeBlanc. He was informed that he had been placed on emergency annual leave. Mr. Bankston acknowledged that he missed the emergency activation. However, he testified in the nearly ten years he has been employed with the NOFD he has never been disciplined.

(ii) Captain Poole
Captain Poole, Mr. Bankston immediate supervisor, testified that when the normally scheduled shift ended on Sunday, August 31, 2008, no concrete plan for an emergency activation had been made; emergency activation was merely a possibility. Captain Poole testified that Mr. Bankston contacted him around 3:00 p.m. that day to inform him that he was stuck in contra flow traffic. Captain Poole stated that both he and Mr. Bankston agreed that Mr. Bankston would report as soon as possible. Captain Poole testified that he did not tell Mr. Bankston that he did not have to report. On that Sunday night, Captain Poole informed Deputy Chief *819 Frank of Mr. Bankston's situation. Deputy Chief Frank told Captain Poole to carry Mr. Bankston on emergency annual leave, which is time off granted to a NOFD employee in an emergency situation. Captain Poole stated he informed Mr. Bankston that he was placed on emergency annual leave. Captain Poole confirmed that he spoke with Mr. Bankston daily during the time Mr. Bankston was unable to report. According to Captain Poole, the firemen were sent home at 7:00 a.m. on Wednesday, September 3, 2008.
Captain Poole stated Superintendent Parent asked for additional reports to determine whether Mr. Bankston's failure to report was premeditated. Captain Poole testified that Superintendent Parent did not like the answers he received indicating Mr. Bankston's failure to report was not premeditated. Captain Poole characterized Mr. Bankston as an excellent employee.

(iii) Deputy Johnson
Deputy Johnson, acting deputy for administration, testified that the hurricane guidelines are reviewed yearly for any changes that may be needed. Deputy Johnson stated the guidelines are posted in every firehouse and are designed to inform the firefighters what is expected of them in the event of a hurricane. Deputy Johnson acknowledged that the guidelines inform the firefighters that they will be required to report for duty during an emergency such as a hurricane because the manpower is needed. Deputy Johnson testified that the morale of other firefighters would be affected if a firefighter did not report during an emergency and was not disciplined. Deputy Johnson explained that it would affect morale as all firefighters would prefer to evacuate with their families during a hurricane. Deputy Johnson testified that the emergency activation was implemented on August 31, 2008, and ended on September 12, 2008.
Deputy Johnson acknowledged that the matrix, a guideline revealing the appropriate punishment for specified violations, did not contain an appropriate punishment for failure to report. Deputy Johnson testified that in determining the appropriate discipline to impose in this case Superintendent Parent wanted to make it clear that it is important for firefighters to appear during an emergency situation and wanted to make a statement with the ninety (90) day suspension for failure to report during an emergency situation. Deputy Johnson noted the guidelines provide that no annual leave will be granted during an emergency situation, but stated that Deputy Chief Frank was not disciplined for violating the guidelines by granting annual leave to Mr. Bankston. Deputy Johnson stated that Superintendent Parent sought additional information to determine whether Mr. Bankston's failure to report was premeditated.
The NOFD entered into evidence a document entitled "Fire Suppression Operations," which encourages firefighters to take steps necessary to protect their families and notifies the firefighters that they are required to report for duty if recalled during an emergency such as a hurricane. The document states:
In the event a Hurricane is expected to this area, all off-duty personnel are encouraged to take the necessary precautions to protect their families and property as quickly as possible. The safest procedure for families is evacuation. Fire Suppression, Fire Alarm, Fire Prevention and designated Administrative Staff personnel are essential employees and are to comply with this section of the guidelines. They are required to report to duty, if recalled, during an emergency such as a hurricanesee *820 rule 5.2.21 of the Rules and Regulations. No leave will be granted at this time. Any member using sick leave must be under the care of a physician. (Emphasis supplied in the original.).
The hearing officer prepared a report for the Commission. Although the hearing officer agreed that discipline should be imposed on Mr. Bankston, he believed the discipline imposed was an abuse of the NOFD's discretion. After reviewing the report, the evidence, and the testimony, the Commission, in a split decision, denied the appeal and upheld the discipline imposed on Mr. Bankston.
This appeal followed.

DISCUSSION
The legal standards governing this dispute are well-settled and can be summarized as follows:
 An employer cannot subject a permanent classified civil service employee to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8(A); Walters v. Dep't. of Police, 454 So.2d 106, 112 (La.1984).
 Cause for discipline of an employee exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Dep't. of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir. 1990).
 "The appointing authority is charged with the operation of his or her department and it is within his or her discretion to discipline an employee for sufficient cause." Whitaker v. New Orleans Police Dep't., 03-0512, p. 5 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 575.
 The employee may appeal from such a disciplinary action to the Commission. On appeal, the Commission has a duty to decide independently from the facts presented whether the appointing authority had good and lawful cause for taking the disciplinary action and, if so, whether the punishment imposed was commensurate with the infraction. Walters, 454 So.2d at 113.
 "The authority to reduce a penalty can only be exercised if there is insufficient cause." Whitaker, 03-0512 at p. 4, 863 So.2d at 575 (citing Branighan v. Dep't. of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978)). Further, a legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. Branighan, 362 So.2d at 1221. The Commission may not merely substitute its judgment for the appointing authority's judgment. Whitaker, 03-0512 at p. 5, 863 So.2d at 576.
 On appeal, the standard of review is established by the constitutional rule that the Commission's decision is subject to review on any question of law or fact. La. Const. art. X, § 12. A multifaceted standard of appellate review applies. First, as in other civil matters, deference must be given to the Commission's factual findings, which should not be disturbed unless manifestly erroneous or clearly wrong. Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the appellate court should not modify the Commission's decision unless it is arbitrary, capricious, or characterized by an abuse of discretion. Bannister, 95-404 at p. 8, 666 So.2d at 647. Arbitrary or capricious means there is no rational basis for the action taken by the Commission. Id.

*821 Williams v. Dep't of Police, 08-465, pp. 6-7 (La.App. 4 Cir. 10/22/08), 996 So.2d 1142, 1145-46 (citing Harris v. Department of Fire, 08-0514, pp. 5-6 (La.App. 4 Cir. 7/16/08), 990 So.2d 54, 62).
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the Department. Cure v. Dep't. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094 (citing Marziale v. Dep't. of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767). On appeal, the two issues that must be addressed are (i) whether the appointing authority had good or lawful cause for taking the disciplinary action, and (ii) whether the punishment imposed is commensurate with the offense. Williams v. Dep't of Police, 08-465 at p. 7, 996 So.2d at 1146. To establish that it had good or lawful cause the appointing authority must satisfy a two-pronged burden of proof: (i) prove that the complained of conduct occurred, and (ii) prove that the conduct impaired the efficiency of the Department. Id.
In this case, the complained of conduct was Mr. Bankston's failure to report for duty on August 31, 2008, after receiving the notification of the emergency activation. Although he admits he failed to report, Mr. Bankston contends that the NOFD failed to prove his action was prejudicial to the public service and detrimental to NOFD's efficient operation. The NOFD counters that Mr. Bankston's failure to appear created a real and substantial risk to the NOFD.
At the Commission hearing, the NOFD presented the testimony of Deputy Johnson to establish that Mr. Bankston's absence created a real and substantial risk to the NOFD. As noted earlier, Deputy Johnson testified that in the event of a hurricane manpower is needed. Deputy Johnson further testified that if a fireman who did not report for duty was not disciplined, it would affect morale. The firemen who did report may not appear the next time there is an emergency activation as everyone would prefer to evacuate with their families.
The record thus supports the Commission's finding that Mr. Bankston's failure to appear was prejudicial to the public service and created a real and substantial risk to the NOFD. The Commission explained its finding in its decision as follows:
The record clearly establishes that the Appellant chose to evacuate his family rather than remain in the City for a hurricane emergency. If the Appellant found himself in a difficult situation where he was required to choose between his family and the citizens of New Orleans, he is responsible for his dilemma based upon his failure to properly plan. Knowing what we know from our experience with Hurricane Katrina, there is no acceptable excuse for waiting until the last minute to evacuate your family if they cannot evacuate themselves. The Appointing Authority did not abuse his discretion by severely penalizing the Appellant for his poor judgment.
The Commission thus correctly concluded that Mr. Bankston's failure to report for the emergency activation was prejudicial to the public service and detrimental to the NOFD's efficient operation. Given our finding that the Commission correctly concluded that Mr. Bankston should be disciplined, we turn to the issue of whether the discipline imposed was commensurate with the offense.
Mr. Bankston contends that the discipline imposeda ninety (90) day suspension *822 was not commensurate with the offensefailing to report. The NOFD counters that the discipline imposed was intended to send a strong message to all firefighters that failure to report in an emergency situation will not be tolerated.
At the hearing, Mr. Bankston testified that his wife was not able to leave during the week. He further testified that he reported for his regularly-scheduled shift on Saturday, August 30, 2008, and was unable to assist his wife in evacuating until he got off of work on Sunday, August 31, 2008, at 7:00 a.m. Mr. Bankston explained that due to his wife's medical condition, she was unable to manage evacuating with their infant child without assistance. Mr. Bankston testified he intended to report for duty and attempted to return to the city to report for duty before the hurricane made landfall. After the hurricane, Mr. Bankston daily contacted the state police to determine when the roads would be opened. The record reflects that while out of town Mr. Bankston remained in constant contact with his Captain and Chief LeBlanc. Further, Deputy Chief Frank informed Captain Poole to place Mr. Bankston on emergency annual leave, although the guidelines provide that no annual leave will be given. The NOFD presented no evidence that Mr. Bankston's failure to report was premeditated.
Considering the mitigating factors noted above, we find the Commission acted arbitrarily in finding a ninety (90) day suspension commensurate with Mr. Bankston's failure to report. In so finding, we note the sole reason the NOFD cited in setting the length of the suspension was to make a policy statement regarding the importance of firefighters reporting for duty in the event of an emergency activation. While we acknowledge the importance of first responders such as Mr. Bankston reporting for emergency activation duty, we also note the mitigating circumstances in this particular case dictate a less severe penalty be imposed. We thus reduce the discipline imposed from a ninety (90) day to a thirty (30) day suspension.

DECREE
While we agree with the appointing authority and the Commission that Mr. Bankston should be disciplined, we find a ninety (90) day suspension to be arbitrary and excessive in this case. Accordingly, we affirm Mr. Bankston's suspension, but reduce the discipline imposed from a ninety (90) day to a thirty (30) day suspension.
AFFIRMED AS AMENDED.
LOMBARD, J., Concurs in part and Dissents in part.
LOMBARD, J., Concurs in part and Dissents in part.
I agree with the majority that the Commission acted arbitrarily in finding that a ninety day suspension was not commensurate with Mr. Bankston's failure to report and that a less severe penalty should be imposed. Having reached that decision, however, I do not understand how the majority has reached the determination that a thirty day suspension is any less arbitrary and excessive. Under these circumstances, an admonishment appears to be appropriate. Accordingly, I respectfully concur in part and dissent in part.