MICHAEL E. KIRBY, Judge.
| ,New Orleans Firefighter Don Courtade appeals a decision of the Civil Service Commission (“Commission”), denying his appeal of the discipline imposed by the appointing authority, the City of New Orleans Department of Fire (“NOFD”). Mr. Courtade contends that his actions were not prejudicial to the efficient operation of the NOFD and that the discipline imposed — a ninety (90) suspension-was not commensurate with the offense — failing to report for a hurricane emergency activation. We affirm the Commission’s finding that Mr. Courtade should be disciplined and suspended, but we amend that judgment to reduce the length of his suspension from ninety (90) to thirty (30) days.

FACTS AND PROCEDURAL HISTORY

The NOFD issued a ninety-day suspension to Mr. Courtade for violating Article 4 of the NOFD Hurricane Guidelines, which mandates that certain fire suppression personnel report for duty when an emergency activation is called. Mr. Courtade failed to report for duty at 7:00 p.m. on August 31, 2008, during the recall for Hurricane Gustav. He appealed his suspension to the Commission, which appointed a hearing officer to receive testimony.
12At the hearing, the Superintendent of Fire, Charles Parent, testified for the NOFD. Supt. Parent testified that the NOFD has stressed for years that firefighters should evacuate their families early as it is important for firefighters to know their families are safe. In the case of Hurricane Gustav, Supt. Parent stated firefighters were told on Wednesday, August 27, 2008, before Hurricane Gustav was to make landfall, to begin making preparations to ensure the safety of family and property. Supt. Parent explained that firefighters work a twenty-four shift and then are off-duty the following forty-eight hours. Supt. Parent testified that the announcements were made early in an attempt to give every firefighter ample time to safely evacuate family members and make other storm preparations during their forty-eight hours off-duty. Supt. Parent identified a hurricane preparation announcement dated Wednesday, August 27, 2008, which provided that all annual leave was canceled and that all essential personnel were to be readily available throughout the weekend, beginning at noon on Friday, August 29, 2008. Supt. Parent testified that all firefighters were to report for duty at 7:00 p.m. on Sunday, August 31, 2008. Supt. Parent revealed that the announcement to report for duty at 7:00 p.m. on Sunday, August 31, 2008, was dispersed through both the district chiefs and via radio announcements starting on Thursday, August 28, 2008. Supt. Parent stated that Mr. Courtade failed to report for duty on Sunday, August 31, 2008.
Supt. Parent testified that the first role of firefighters during hurricane activation is to report for duty and do as they are assigned. He acknowledged that the duties of firefighters during hurricane activation include more than just firefighting, explaining that firefighters set up a warehouse where food and equipment are taken in for use by every other department in city government, not just firefighters.
| .¡Supt. Parent explained that on September 8, 2008, he issued emergency suspensions to Mr. Courtade and the other fire *372 fighters who failed to report for duty by 7:00 p.m. on August 31, 2008, during the emergency activation for Hurricane Gustav. Supt. Parent testified that tension arises from those firefighters who do show up and work during a recall, as the NOFD learned during Hurricane Katrina. Pursuant to the NOFD rules, the suspension proceeded before a NOFD peer review board, which consisted of NOFD members. In this matter, two members voted not guilty and one voted guilty. After receiving notice of the NOFD peer review board vote, Supt. Parent reviewed the information, found Mr. Courtade did not report until Monday, September 1, 2008, and imposed the ninety (90) day suspension.
Mr. Courtade testified that he was off-duty Wednesday, August 27, 2008 and Thursday, August 28, 2008, but could not recall what he was doing on those two days. Mr. Courtade stated he was on-duty Friday, August 29, 2008, from 7:00 a.m. until 7:00 a.m. Saturday, August 30, 2008. Mr. Courtade stated that he believed he was to call in at 7:00 p.m. on Sunday, August 31, 2008, and admitted that he knew when he got off work Saturday morning, that he would be required to return to duty at some point with the storm approaching. Mr. Courtade admitted that he did not call in Sunday night. Mr. Courtade further testified that he received a call at some point during the daylight hours on Sunday, August 31, 2008, from Capt. Jurisich. Mr. Courtade testified that his platoon did not have a captain at the time of Hurricane Gustav, and Capt. Jurisich contacted him with necessary NOFD information.
Mr. Courtade stated he informed Capt. Jurisich that he would report as soon as possible. He explained that from the time he got off-duty at 7:00 a.m. on Saturday, August 30, 2008, he was busy evacuating his parents and son to Tunica, | ^Mississippi, and then his pregnant girlfriend to Zachary, Louisiana. Mr. Cour-tade testified he was also busy moving seven tow trucks and a box truck, which belonged to his towing company, and several personal vehicles. He claimed that by the time he received the call from Capt. Jurisich to report for duty, he was unable to return to the city by 7:00 p.m., as he was returning from Tunica, Mississippi. Mr. Courtade testified that he intended to report for duty and stopped in Picayune, Mississippi, to purchase personal supplies that firefighters are supposed to have during an activation. He explained that Capt. Jurisich informed him that the firefighters would be going to NASA and that once the gate to NASA was closed, he would not be allowed inside the gate, but could wait at the firehouse. Mr. Courtade did not want to arrive at the firehouse and be there by himself for the storm. He informed Capt. Jurisich that he would make it as close as he could to Baton Rouge and make it into New Orleans once he could, to which Capt. Jurisich responded, “okay.” Mr. Courtade drove to Zachary, Louisiana, and stayed there on Sunday, August 31, 2008. The following morning, he again spoke with Capt. Jurisich, who informed him that the firefighters would return that day to the firehouse. He then left Zachary to travel to the firehouse. Mr. Courtade testified that he encountered difficulties returning due to the weather, but reported for duty on Monday, September 1, 2008, at 9:30 p.m.
The hearing officer prepared a report for the Commission. After reviewing the report, the evidence, and the testimony, the Commission denied the appeal, upholding the discipline imposed on Mr. Cour-tade.

\ STANDARD OF REVIEW

The Commission has authority to “hear and decide” disciplinary cases, which *373 includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Pope v. New Orleans Police Dept., 2004-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The appointing authority is charged with the operation of its department, and it is within its discretion to discipline an employee for sufficient cause. The Commission is not charged with such discipline. The authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Pope, 2004-1888, pp. 5-6, 903 So.2d at 4.
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 2007-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 2006-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The protection of civil service employees is only against firing (or other discipline) without cause. La. Const. art. X, § 12; Cornelius v. Dept. of Police, 2007-1257, p. 8 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Fihlman v. New Orleans Police Dept., 2000-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
The decision of the Commission is subject to review on any question of law or fact upon appeal to this court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12; Cure, 2007-0166, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is | (¡commensurate with the infraction, this court should not modify the Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision of the Commission is “arbitrary and capricious” if there is no rational basis for the action taken by the Commission. Cure, 2007-0166, p. 2, 964 So.2d at 1095.

DISCUSSION

Mr. Courtade concedes that he failed to report for duty on August 31, 2008, after receiving notification of the emergency activation, but argues that the NOFD failed to prove his action was prejudicial to the public service and detrimental to the efficient operation of the NOFD. The NOFD argues his failure to appear did create a real and substantial risk to the NOFD.
Supt. Parent testified that the NOFD learned during Hurricane Katrina of the tension that arises between those who report for duty during emergency activation and those who fail to report for duty during emergency activation. Supt. Parent explained that firefighters are needed to fulfill firefighting duties during an emergency activation, as well as non-firefighting duties.
The Commission found Mr. Courtade’s failure to report for duty during the emergency activation was prejudicial to the public service and created a real and substantial risk to the NOFD. The Commission’s finding reads as follows:
After the recent chaotic experience of Hurricane Katrina, all emergency responders had a clear template for the actions to be taken. The Fire Department in particular had learned hard lessons and had adopted new Emergency Preparation policies. Appellant’s personal situation was more complicated than most, with multiple family members and property requiring his attention; however, he knew all of this prior *374 to the storm, and |7he had more time than most to address his needs due to his individual shift schedule. His belief that the department order only required him to call in, rather than report for duty, was unreasonable.
Recently, in Bankston v. Dept. of Fire, 2009-1016, p. 5 (La.App. 4 Cir. 11/18/09), 26 So.3d 815, this Court found that failure of a firefighter to report on August 31, 2008, for the emergency activation which arose as a result of Hurricane Gustav, was prejudicial to the public service and created a real and substantial risk to the efficient operation of the NOFD. Therein, the Court noted that the testimony revealed that manpower is needed by the NOFD in the event of a hurricane. Further, the Court noted that the testimony revealed that the morale of the firemen who reported for duty would be affected if those who did not report were not disciplined. Id.
Therefore, in this instance, the Commission correctly concluded that Mr. Cour-tade’s failure to report was prejudicial to the public service and created a real and substantial risk to the efficient operation of the NOFD. Given our finding that the Commission correctly concluded that Mr. Courtade should be disciplined, we turn to the issue of whether the discipline imposed was commensurate with the offense.
Mr. Courtade contends that the discipline imposed — a ninety (90) day suspension-was not commensurate with the offense — failing to report. He argues the NOFD erred in not considering the circumstances surrounding Hurricane Gustav as mitigating factors. The NOFD counters that the discipline imposed was intended to send a strong message to all firefighters that the failure to report in an emergency situation will not be tolerated.
Is At the hearing, Mr. Courtade testified that once he was off-duty on Saturday, August 30, 2008 at 7:00 a.m., in addition to evacuating his parents to Tunica, Mississippi, and his pregnant girlfriend to Zachary, Louisiana, he worked alone moving his seven tow trucks, a box truck, and other personal vehicles to Picayune, Mississippi, Covington, Louisiana, and Zachary, Louisiana. He also cited the unfortunate circumstances surrounding Hurricane Gustav, such as roadblocks and the short notice of recall, as mitigating factors. However, as the Commission stated, Mr. Courtade knew he would have to evacuate his family and knew that he would need to move the trucks belonging to his towing company, both of which would require time and attention in the event of a storm. Nonetheless, Mr. Courtade remained in contact with Capt. Jurisich while traveling and reported to duty the following day.
In Bankston, supra, this Court found the Commission acted arbitrarily in finding a ninety (90) day suspension commensurate with Mr. Bankston’s failure to report and reduced the suspension to thirty (30) days, noting the mitigating circumstances dictated a less severe penalty be imposed. 2009-1016, p. 6, 26 So.3d at 22. The Court noted the following mitigating factors: 1) Mr. Bankston had completed his regular shift on Sunday, August 31, 2008 at 7:00 a.m. and was called to report for emergency activation by 7:00 p.m. that same day, leaving him only twelve hours to evacuate his wife, who had a medical condition requiring assistance, and their infant child to Houston; 2) he attempted to return to the city before the hurricane made landfall but roadblocks and traffic contraflow prevented him from returning; 3) he remained in constant contact with his supervisor while away; and 4) the NOFD presented no evidence that Mr. Bankston’s failure to report was premeditated.
|9In this case, the Commission relied upon Supt. Parent’s conclusion that Mr. *375 Courtade had at least thirty-six (36) hours to evacuate his family and personal property. However, considering the work schedules of the NOFD firefighters (24 hours on/48 hours off), we find little, if any, distinction between the circumstances in Bankston and those in this case. From Wednesday, August 27, 2008, when the NOFD first issued a hurricane preparation announcement, notifying all personnel to begin making personal preparations for Hurricane Gustav, to 7:00 p.m. on Sunday, August 31, 2008, the time to report for emergency activation, both Mr. Bankston and Mr. Courtade had ample time to evacuate their families. Like Mr. Bankston, Mr. Courtade encountered road blocks, traffic contraflow and bad weather while evacuating family from the city and trying to return to report to duty. While we agree with the appointing authority and the Commission that Mr. Courtade should be disciplined, we find a ninety (90) day suspension to be arbitrary and excessive in this case. Therefore, following the Court in Bankston, we will reduce the ninety (90) day suspension to a thirty (30) day suspension.

DECREE

Accordingly, we affirm Mr. Courtade’s suspension, but reduce the discipline imposed from a ninety (90) day to a thirty (30) day suspension.
AFFIRMED AS AMENDED.
LOVE, J., dissented and assigned reasons.