LOVE, J.,
dissents and assigns reasons.
|,I respectfully dissent from the majority’s amendment of the Civil Service Commission’s (hereinafter “the Commission”) decision.
The appointing authority must prove by a preponderance of the evidence that the complained-of conduct occurred and that the conduct impaired the efficient operation of the entity (legal cause). Banquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4 Cir.1993). “In reviewing the Commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous.” Lombas v. Dept. of Police, 467 So.2d 1273, 1275 (La.App. 4 Cir.1985), (quoting Walters v. Dept. of Police of the City of New Orleans, 454 So.2d 106, 114 (La.1984)). “In judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.” Id. “Arbitrary or capricious” means that there is no rational basis for the action taken by the Commission. Bannister v. Dept. of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The Superintendent of the New Orleans Fire Department (hereinafter “NOFD”) testified that the NOFD learned during Hurricane Katrina of the tension |2that arises between those who report for duty during emergency activation and those who fail to do so. The Superintendent further testified as to the need of firefighters to fill firefighting and non-firefighting duties during emergency activation.
As a result, according to the record before us, the NOFD adopted new Emergency Preparation policies after Hurricane Katrina. Under these policies, all emergency responders had a clear template for the actions to be taken during emergency activation.
Mr. Courtade testified that in preparation for Hurricane Gustav, when his shift ended on Saturday, August 30, 2008, he evacuated his parents to Tunica, Mississippi and his pregnant girlfriend to Zachary, Louisiana. He further testified that he *376 independently moved his seven tow trucks, a box truck, and personal vehicles to Picayune, Mississippi, Covington, Louisiana, and Zachary, Louisiana. Additionally, Mr. Courtade cited mitigating factors such as roadblocks and the short notice of recall that he was given. However, the Commission found legal cause for Mr. Courtade’s punishment.
The appointing authority is charged with departmental operations, and it is within his or her discretion to discipline an employee for sufficient cause. Whitaker v. New Orleans Police Dept., 03-0512, p. 5 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 575 (citing Joseph v. Dept. of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980)). The Commission has authority to “hear and decide” disciplinary cases, which includes the authority to modify, reduce, reverse or affirm a penalty; the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. La. Const. art. X, § 12; Pope v. New Orleans Police Dept., 04-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The Commission is without authority to substitute its judgment for that of the Appointing Authority. Joseph, 389 So.2d at 741. As noted in a police matter, “the | .^Superintendent is charged with the operation of his department, and the Civil Service Commission is not his supervisor.” Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). Further, “[t]he [Superintendent is the one who must run his department and exercise discretion in relation to disciplining his officers, and the Commission is not charged with exercising that discretion.” Id.
Unlike the majority, I find the Commission’s determination in Bankston v. Dept. of Fire distinguishable from the matter before us. Bankston v. Dept. of Fire 09-1016 (La.App. 4 Cir. 11/18/09), 26 So.3d 815. In Bankston, Mr. Bankston evacuated his wife and child when, due to his wife’s medical condition, she was unable to manage evacuating with their infant child without assistance. Id. at p. 2, 26 So.3d at 818. At the instruction of Deputy Chief Frank, Mr. Bankston’s immediate supervisor, Captain Poole, carried Mr. Bankston on emergency annual leave, which is time off granted to a New Orleans Fire Department employee in an emergency situation. Id. at p. 4, 26 So.3d at818. Captain Poole apprised Mr. Bankston that he was granted emergency annual leave. Id.
Deputy Chief Frank was not disciplined for violating the guidelines by granting annual leave to Mr. Bankston. Id. at p. 3, 26 So.3d at 819. Further, this Court found the Commission acted arbitrarily in finding a ninety (90) day suspension commensurate with Mr. Bankston’s failure to report giving the mitigating factors. Id. at p. 6, 26 So.3d at 819.
After Mr. Courtade safely evacuated his family, he decided to evacuate his business vehicles as well. As the Commission noted, “[ajppellant’s personal situation was more complicated than most, with multiple family members and property requiring his attention; however he knew all of this prior to the storm, and he had more time than most to address his needs due to his individual shift |4schedule.” Thus, I do not find Bankston analogous to the particular facts that Mr. Courtade presents in matter sub judice.
Unlike Bankston, Mr. Courtade was not granted emergency annual leave by a supervisory official. Id. at p. 4, 26 So.3d at 819. Therefore, I find that the mitigating factors offered in support of Mr. Cour-tade’s appeal distinguishable from those presented in Bankston. Further, while I may find that Mr. Courtade’s decision to evacuate his family and business and personal vehicles a mitigating factor, I do not *377 find the Commission was manifestly erroneous or abused its discretion in not doing so.
Further, I do not think that this Court may supplant its own judgment for that of the appointing authority and exercise the discretion of levying discipline by reducing the suspension to an arbitrary number of days inconsistent with the NOFD’s punishment matrix. I therefore find that Mr. Courtade’s punishment was commensurate with the infraction and would affirm the decision of the Commission.