TYRONE DUKES         *       NO. 2022-CA-0746

VERSUS               *       COURT OF APPEAL

NEW ORLEANS POLICE    *       FOURTH CIRCUIT
DEPARTMENT

                      *       STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9346

\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)


Chester Theodore Alpaugh, III
Claude A. Schlesinger
GUSTE BARNETT SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue
Suite 2130
New Orleans, LA 70113


      COUNSEL FOR PLAINTIFF/APPELLANT


Elizabeth Robins
DEPUTY CITY ATTORNEY
Corwin M. St. Raymond
ASSISTANT CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY - CITY OF NEW ORLEANS
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112


      COUNSEL FOR DEFENDANT/APPELLEE


                                    **AFFIRMED**
                               **MAY 10, 2023**

*TGC*
*RLB*
*JCL*

Officer Tyrone Dukes (hereinafter "Officer Dukes") seeks review of the September 6, 2022 ruling of the Civil Service Commission (hereinafter "the Commission"). The decision denied Officer Duke's appeal and upheld his eighty-day suspension, for violating Rule 2, Moral Conduct, Paragraph 9: Failing to Cooperate/Withholding Information, with the New Orleans Police Department (hereinafter "the NOPD"). After consideration of the record before this Court and applicable law, we affirm the decision of the Commission suspending Officer Dukes for a period of eighty days.

### FACTS AND PROCEDURAL HISTORY

On June 4, 2020, two NOPD officers were called to investigate a complaint of property damage to an apartment (hereinafter "the June 4th incident"). The complaint was made by Edwina Buffert (hereinafter "Ms. Buffert"), the lease holder of the apartment. Ms. Buffert alleged that a bedroom, which she previously rented to a friend, Breshelle Williams (hereinafter "Ms. Williams"), had been damaged and vandalized. Ms. Buffert characterized her recent relationship with Ms. Williams as contentious. According to Ms. Buffert, Ms. Williams' boyfriend,

1

Officer Dukes, was spending too many nights at the apartment and overnight guests were not a part of their agreement. She communicated this to Ms. Williams, who became angry, and stated that she was moving out of the apartment on June 4, 2020.  Ms. Buffert maintains that there was no damage to the room the night before the June 4th incident. However, on June 4th, she observed a significant amount of damage which included: red wine stains on the walls; glitter thrown on the floor; explicit language carved on the walls; and broken glass on the carpet.

**NOPD INVESTIGATION**

Sergeant Candice Preston (hereinafter "Sergeant Preston") with the Criminal Investigation Section of the Public Integrity Bureau was assigned to investigate Officer Dukes' actions surrounding the June 4th incident. As part of her initial investigation, Sergeant Preston reviewed the body worn camera of the officers who reported to the apartment, the NOPD report from the June 4th incident, a recorded statement from Ms. Williams[1], and photos of the damaged apartment.

On September 8, 2020, Officer Dukes voluntarily offered a criminal statement to Sergeant Preston regarding the June 4th incident.[2]  Officer Dukes was represented by counsel, read his rights, and was specifically asked whether he wished to provide a statement regarding the commission of the crime of criminal damage to property.  During the criminal statement, Officer Dukes was asked about his relationship with Ms. Williams and the June 4th incident. He stated that Ms. Williams and her roommate were arguing about the rent and that he remained

---

[1] In a telephone interview Ms. Williams stated that she was angry that Ms. Buffert did not return her portion of the rent and that she damaged the apartment in retaliation. Ms. Williams maintained that she acted alone in damaging the apartment.

[2] Although police officers are not required to give criminal statements, Officer Dukes voluntarily agreed to provide a statement as he was also being investigated for possible criminal conduct regarding damage to the apartment.

at the apartment to "keep his girlfriend [Ms. Williams] from overreacting." Officer Dukes maintains that he left the apartment "at some point…early in the morning." The investigator also inquired as to "who was [at the apartment] there" and Officer Dukes responded "I'm not sure about who was there." He was then questioned about the identity of "Michael Dukes or Mike Dukes." Officer Dukes denied knowing Michael Dukes or Mike Dukes and stated he did not want to answer the question. Officer Dukes was also asked who his emergency contact was, to which he replied, he could not recall. He then terminated the criminal statement.

On September 18, 2020, Officer Dukes submitted to an administrative statement. He testified that Ms. Williams' landlord wanted her to leave the apartment and confirmed that Ms. Williams' destroyed the apartment as retaliation. He acknowledged that he and his brother, Michael Weaver (hereinafter "Mr. Weaver"), assisted Ms. Williams' in moving out of the apartment. In his administrative statement, Officer Dukes admits that he was present and watched Ms. Williams destroyed Ms. Buffert's apartment.

At the conclusion of the investigation, Sergeant Preston determined that Officer Dukes violated Rule 2, Paragraph 9[3] and Rule 4, Paragraph 4.[4] Specifically,

---

[3] Rule 2, Moral Conduct, Paragraph 9: Failing to Cooperate/Withholding Information

> Failure to Cooperate/Withholding Information - In accordance with established rights under law, employees shall not withhold any information, acts, or omissions known to the employee that purposefully interfere or disrupt an authorized investigation, whether internally or externally, investigated by any official entity. Additionally, any employee who withholds information or fails to cooperate with any internal investigation may be disciplined in addition to any other disciplinary action based upon conduct disclosed by the primary investigation.

[4] Rule 4: Neglect of Duty, Paragraph 4: Neglect of Duty, Part a

> Neglect of Duty - Each employee, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. An employee's failure to properly function in either or both of those areas constitutes a neglect of duty…

she found that Officer Dukes failed to prevent Ms. Williams' from vandalizing the apartment and that Officer Dukes was untruthful in his criminal statement when he denied knowing "Michael Dukes." Sergeant Preston concluded that Officer Dukes' was intentionally deceitful in answering questions about his brother during his criminal statement, thus violating Rule 2, Paragraph 9 regarding moral conduct.

Deputy Superintendent John Thomas, chairman of the disciplinary hearing panel, conducted a disciplinary hearing regarding Officer Dukes' actions. After reviewing the evidence, the panel sustained charges against Officer Dukes regarding violation of NOPD's policy concerning performance of duty and failing to cooperate/withholding information. The panel recommended a suspension of two days for the violation of performance of duty and an eighty-day suspension for failing to cooperate/withholding information during a criminal investigation. On December 7, 2021, Officer Dukes was informed of the rulings. Officer Dukes only appealed the eighty-day suspension.

The hearing officer received testimony and evidence, ultimately concluding that Officer Dukes withheld pertinent information during his criminal statement. Specifically, the hearing officer noted that he was "intentionally evasive" when questioned about knowing "Michael Dukes." The hearing officer recognized that an eighty-day suspension was a severe penalty considering the circumstances, but nonetheless concluded that the suspension was appropriate.

Officer Dukes sought review of the hearing officer's findings with the Commission. The Commission reviewed the transcripts, exhibits, and the hearing officer's report. On September 6, 2022, the Commission issued its decision finding that Officer Dukes failed to provide accurate information during the June 4th

incident. The Commission further found that Officer Dukes intentionally withheld information during a criminal investigation. However one of the panel members, Commissioner Korn, dissented from the majority and concluded that he would grant the appeal finding the following: (1) it was unclear the manner in which Officer Dukes disrupted the criminal investigation and (2) the evidence submitted indicated that Officer Dukes was honest during his voluntary criminal statement. This appeal followed.

## GOVERNING LEGAL PRECEPTS AND STANDARD OF REVIEW

On appeal, the standard of review in a case from the Civil Service Commission is established by the constitutional rule that the Commission's decision is subject to review on any question of law or fact. La. Const. art. X, § 12. A multifaceted standard of appellate review applies. First, as in other civil matters, deference must be given to the Commission's factual findings, which should not be disturbed unless manifestly erroneous or clearly wrong. *Regis v. Dep't of Police*, 2012-1043, p. 5 (La.App. 4 Cir. 12/12/12), 107 So.3d 790, 793. Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, "the appellate court should not modify the Commission's decision unless it is arbitrary, capricious, or characterized by an abuse of discretion." *Id*. Arbitrary or capricious means there is no rational basis for the action taken by the Commission. *Id.*; *Williams v. Dep't of Police*, 2008–0465, p. 7 (La.App. 4 Cir. 10/22/08), 996 So.2d 1142, 1146; *Bankston v. Dep't of Fire*, 2009–1016, p. 7 (La.App. 4 Cir. 11/18/09), 26 So.3d 815, 820.

Classified civil service employees with permanent status may be disciplined only for cause expressed in writing. La. Const., Art. X, § 8(A). New Orleans police

officers are included in the protection guaranteed by this provision. *Walters v. Dep't of Police of City of New Orleans*, 454 So.2d 106, 112 (La. 1984). "Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged." *Cittadino v. Dep't of Police*, 558 So.2d 1311, 1315 (La.App. 4 Cir. 1990) (citation omitted). Thus, the appointing authority must prove, by a preponderance of the evidence, the occurrence of the complained of activity and that the conduct did in fact impair the efficient and orderly operation of the public service. *Id.*; *see also Cure v. Dep't of Police*, 2007–0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094 (*citing Marziale v. Dep't of Police*, 2006–0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767)) (citation omitted).

In applying these standards, an appellate court must make two determinations: "(1) whether the appointing authority had good or lawful cause for taking the disciplinary action, and (2) whether the punishment the appointing authority imposed is commensurate with the offense." *Harris v. Dep't of Fire*, 2008–0514, p. 11 (La.App. 4 Cir. 7/16/08), 990 So.2d 54, 62 (citing *Staehle v. Dep't of Police*, 1998–0216, p. 3 (La. App. 4 Cir. 11/18/98), 723 So.2d 1031, 1033). Thus, to establish that it had cause, the appointing authority must prove two factors: (i) that the complained of conduct occurred, and (ii) that the complained of conduct impaired the efficiency of the Department. *Harris*, 2008–0514, p. 11, 990 So.2d at 62.

## DISCUSSION

We summarize Officer Dukes' assignments of error as follows: (1) the eighty day suspension was arbitrary, capricious and unreasonable and (2) the

6

eighty day suspension is not commensurate with the alleged infraction and is excessive.

The first issue to consider is whether the Commission's decision was arbitrary and capricious. The Commission's final decision "is subject to review on any question of law or fact on appeal to the court of appeal where the commissions is located." La. Const. Art. X, § 12(A); *Hardy v. Juvenile Justice Intervention Ctr.*, 2022-0030, pp. 5-7 (La.App. 4 Cir. 6/16/22), 343 So.3d 288, 293-94. Thus, this Court must engage in the following multifaceted review when reviewing an appeal from the Commission's final decision:

> [i]nitially, deference should be given to the factual conclusions of the civil service commission. A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Then, the court must evaluate the commission's imposition of a particular disciplinary action to determine if it is both based on legal cause and is commensurate with the infraction; the court should not modify the commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. "Arbitrary or capricious" means the absence of a rational basis for the action taken; "abuse of discretion" generally results from a conclusion reached capriciously or in an arbitrary manner.

*Mathieu v. New Orleans Pub. Library*, 2009-2746, pp. 5-6 (La. 10/19/10), 50 So.3d 1259, 1262-63 (internal citations omitted). The Commission determined that Officer Dukes withheld information when he failed to disclose that his brother was present during the June 4th Incident. The Commission's Report did not focus on Officer Duke's conduct during the June 4th Incident, rather it considered the narrow issue of whether Officer Dukes violated Rule 2, Paragraph 9 when giving his criminal statement. Rule 2, Paragraph 9 provides that employees shall not withhold information that purposefully interferes or disrupts an organized investigation. Specifically, the Commission found that Officer Dukes was "deliberately evasive" when providing his criminal statement. Although Officer Dukes asserts that he

answered all the questions asked of him, his answers ten days later during his administrative statement were considerably different. The audio recordings of Officer Duke's criminal and administrative statements support the Commission's findings that he intentionally withheld information and interfered with the criminal investigation. Such actions severely diminishes the efficient operation of the NOPD. We therefore find these factual conclusions supported by the evidence before this Court.

The second issue is whether the eighty-day suspension is commensurate with the infraction and whether the penalty is excessive. The NOPD's penalty matrix sets forth an eighty-day suspension for a violation of Rule 2, Moral Conduct, Paragraph 9, Failure to Cooperate/Withholding Information. The Commission found that Officer Dukes failed to provide information about his brother's presence at Ms. Buffert's apartment during the June 4th Incident. The Commission acknowledged that the investigating officer "could have done a much better job in the way the investigation was handled…," it ultimately determined that Officer Dukes withheld information that interfered with a criminal investigation. The Commission found the evidence submitted by the NOPD sufficient to satisfy its burden of proof in showing (i) the complained of conduct occurred and (ii) the complained of conduct impaired the efficiency of the department. *See Harris*, 2008–0514, p. 11, 990 So.2d at 62. It further determined that the penalty is commensurate with the NOPD's disciplinary matrix. This Court will not disturb the conclusions of the Commission if the conclusions are not contrary to the evidence within the record. *See Mykulak v. New Orleans Police Dept.*, 2022-0578, p. 6 (La.App 4 Cir. 3/16/23), --- So.3d ---, 2023 WL 2534601 *11.

## CONCLUSION

This Court must give deference to the Commission's factual findings. *See Stephens v. New Orleans Police Dep't*, 2019-0641, pp. 7-8 (La.App. 4 Cir. 12/4/19), 286 So.3d 519, 524. Finding no evidence that the Commission was clearly wrong or manifestly erroneous, this Court will not modify the Commission's decisions. *Id.*, 2019-0641, p. 8, 286 So.3d at 524. Thus, we affirm the Commission's decision to uphold Officer Dukes eighty-day suspension.

## DECREE

For the aforementioned reasons we affirm the Commission's decision to uphold Officer Dukes' suspension for violation Rule 2, Moral Conduct, Paragraph 9: Failure to Cooperate/Withholding Information.

**AFFIRMED**