| | | |
|---|---|---|
| **CHRISTOPHER MCGAW** | * | **NO. 2020-CA-0564** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NEW ORLEANS POLICE** | * | |
| **DEPARTMENT** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8838
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Dale N. Atkins)

ERIC J. HESSLER
ATTORNEY AT LAW
2802 Tulane Avenue
New Orleans, Louisiana 70119
        COUNSEL FOR PLAINTIFF/APPELLEE

MICHAEL J. LAUGHLIN
ASSISTANT CITY ATTORNEY
ELIZABETH S. ROBINS
DEPUTY CITY ATTORNEY
CHURITA H. HANSELL
CHIEF DEPUTY CITY ATTORNEY
DONESIA D. TURNER
SENIOR CHIEF DEPUTY CITY ATTORNEY
SUNNI J. LEBOUF
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, Louisiana 70112
        COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND RENDERED**

**JUNE 9, 2021**

Defendant, the New Orleans Police Department (NOPD), appeals a decision of the City of New Orleans Civil Service Commission (Commission) rendered in favor of plaintiff, Officer Christopher McGaw (Officer McGaw). For the reasons that follow, we reverse the Commission and reinstate the discipline imposed on Officer McGaw by the NOPD.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 12, 2016, at approximately 10:00 p.m., Officer McGaw was dispatched to the 300 block of Bourbon Street in New Orleans to transport a suspect that had been arrested by a mounted unit of the NOPD. As explained more fully below in the testimony before the Commission, Officer McGaw questioned the factual circumstances surrounding the arrest and ultimately did not transport the subject. Additionally, he did not activate his body worn camera (BWC).

On January 1, 2018, the NOPD issued a disciplinary letter to Officer McGaw providing that an investigation was conducted by NOPD Sergeant Samuel Dupre (Sgt. Dupre), who was assigned to the Field Operations Bureau, Eight District. In connection with the events of September 12, 2016, Sgt. Dupre determined that Officer McGaw failed to transport when dispatched, and failed to activate his BWC.

On August 30, 2018, Officer McGaw was issued a five-day suspension for failing to follow orders to transport an arrestee in violation of NOPD policy, to wit:

**Instructions from an Authoritative Source – Rule 4, Paragraph 2:**

> An employee shall professionally, promptly, and fully abide by or execute instructions issued from any authoritative source, including any order relayed from a superior by an employee of the same or lesser rank. If the instructions are reasonably believed to be in conflict with the Rules, Policies and Procedures of the Department or other issued instructions, this fact shall respectfully be known to the issuing authority. If the issuing authority elects to insist upon execution of the instructions which are reasonably believed to be in conflict with Department Rules, Policies and Procedures, the employee receiving the instructions shall have the right to request and is entitled to receive IMMEDIATELY, said instructions in writing, except in cases of emergency as determined by the supervisor. The issuing authority shall be held responsible should any conflict materialize; however, no instructions shall be issued or executed which are in violation of the law.

Officer McGaw was also issued a five-day suspension for failure to activate his BWC in violation of **Rule 4, Paragraph 4, Chapter 41.3.10:**

> This policy is intended to achieve an appropriate balance between the benefits of BWC devices and civilians' reasonable expectations of privacy. Although this policy identifies those situations in which activation of the BWC is required, an officer has discretion to manually activate the system any time the officer believes it would be appropriate or valuable to document an incident. In exercising this discretion, officers should be aware of, and sensitive to, civilians' reasonable privacy expectations. The BWC shall only be activated for legitimate law enforcement purposes.

Activation of the BWC is required for the following situations:

(a) All field contacts involving actual or potential criminal conduct within audio range.

Officer McGaw filed an appeal with the Commission, asserting that the NOPD did not have sufficient cause to discipline him. The matter was brought for hearing on October 25, 2018. The parties stipulated that: 1) the investigation was timely and that Officer McGaw was given a timely negotiation of his February 16, 2017 hearing; 2) if the misconduct occurred, the penalties issued by the NOPD were reasonable; and 3) if the misconduct occurred, it would have impacted the efficient operations of the NOPD.

Considering the stipulations, the proceedings before the Commission's hearing examiner focused on whether any misconduct occurred. Officer McGaw, Sgt. Dupre, and Sergeant David Laing of the NOPD (Sgt. Laing) testified.

Officer McGaw testified that he was dispatched to the 300 block of Bourbon Street on the night of September 12, 2016, to transport an arrested individual for the mounted unit. When he arrived, he saw two mounted officers, Sgt. Laing and Officer Danika Cummings (Officer Cummings), with a male sitting on the ground between them. Officer Cummings told Officer McGaw that she was taking care of the paperwork on the arrest. She then instructed Officer McGaw to handcuff, search, and transport the arrested individual. Officer McGaw did not comply.

Officer McGaw stated that he had no idea how mounted units operated and he had never received a transport request from a mounted officer. He explained that he did not want to handcuff and search the individual without knowing

3

whether there was probable cause for the arrest. He asked Officer Cummings repeatedly for the reason for the arrest, but claimed he did not receive a satisfactory response in the form of a probable cause statement. Eventually, Sgt. Laing told Officer McGaw that the charge was a "405." Officer McGaw explained that he did not know what a 405 was. Sgt. Laing informed Officer McGaw that a 405 was public intoxication. When Officer McGaw made no movement toward handcuffing the subject, Sgt. Laing told Officer McGaw to leave the scene. Officer McGaw claimed that he was not given an opportunity to comply with Sgt. Laing's orders to handcuff the subject.

Officer McGaw admitted that he did not activate his BWC. He testified that he understood the NOPD's BWC policy, and admitted to a previous BWC violation. In response to questions posed by the hearing examiner, Officer McGaw stated that he would have activated his BWC at the point when Sgt. Laing told him the reason for the arrest. However, he was told to leave the scene.

Sgt. Dupre testified that he was assigned to investigate the complaints filed against Officer McGaw. Officer McGaw admitted to Sgt. Dupre that he did not transport the arrested individual and that he did not activate his BWC. Sgt. Dupre stated that Officer Cummings' BWC showed Officer McGaw repeatedly asking questions instead of handcuffing the suspect. The video further demonstrated that Officer Cummings informed Officer McGaw that it was her arrest, and that Officer McGaw was only there for transport. Finally, Sgt. Dupre stated that he did not see

4

Officer McGaw interact with the arrested individual who was maybe ten feet away from him.

Sgt. Laing testified that he was working the mounted unit with Officer Cummings on September 12, 2016, when they arrested an individual who refused to leave the entrance to a nightclub. He explained that for safety reasons, mounted officers do not dismount to handcuff an arrested individual. Normally, they will ask officers who are on the ground to place the person in handcuffs and take them to the station. Officer McGaw responded to the call for transport. Sgt. Laing witnessed Officer McGaw and Officer Cummings having a discussion. Officer McGaw then left, apparently to get his patrol car. When Officer McGaw returned, Sgt. Laing asked him to handcuff the subject. Sgt. Laing explained to Officer McGaw that they were taking care of the paperwork for the arrest. Officer McGaw refused to handcuff the subject, stating that he did not want to violate the individual's rights. Sgt. Laing stated that Officer McGaw did not need to have probable cause to do a transport because he was not involved in the arrest.

Sgt. Laing further testified that, when he felt it was clear that Officer McGaw was not going to cooperate, he told Officer McGaw to leave. Sgt. Laing asked for another transport unit. Because there were other officers on the scene by that time, Sgt. Laing dismounted, handcuffed the subject, and walked him to the station.

On September 28, 2020, the Commission granted Officer McGaw's appeal, ordering that the NOPD remove the 10-day suspension from Officer McGaw's

record and return 10 days of back pay with all emoluments of employment. The

NOPD's timely appeal to this Court followed.

**STANDARD OF REVIEW AND APPLICABLE LEGAL PRINCIPLES**

In *Regis v. Dep't of Police*, 2012-1043 (La. App. 4 Cir. 12/12/12), 107 So.3d

790, this Court summarized the governing standard of review and applicable legal

principles as follows:

> • An employer cannot subject a permanent classified civil service employee to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8(A); *Walters v. Dep't of Police*, 454 So.2d 106, 112 (La. 1984).

> • Cause for discipline of an employee exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. *Cittadino v. Dep't of Police*, 558 So.2d 1311, 1315 (La. App. 4th Cir. 1990).

> • "The appointing authority is charged with the operation of his or her department and it is within his or her discretion to discipline an employee for sufficient cause." *Whitaker v. New Orleans Police Dep't,* 2003-0512, p. 5 (La. App. 4 Cir. 9/17/03), 863 So.2d 572, 575.

> • The employee may appeal from such a disciplinary action to the Commission. On appeal, the Commission has a duty to decide independently from the facts presented whether the appointing authority had good and lawful cause for taking the disciplinary action and, if so, whether the punishment imposed was commensurate with the infraction. *Walters*, 454 So.2d at 113.

> • "The authority to reduce a penalty can only be exercised if there is insufficient cause." *Whitaker*, 03–0512 at p. 4, 863 So.2d at 575 (citing *Branighan v. Dep't of Police*, 362 So.2d 1221, 1223 (La. App. 4 Cir. 1978)). Further, a legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. *Branighan*, 362 So.2d at 1221. The Commission may not merely substitute its judgment for the appointing authority's judgment. *Whitaker*, 2003-0512 at p. 5, 863 So.2d at 576.

> • On appeal, the standard of review is established by the constitutional rule that the Commission's decision is subject to review on any question of law or fact. La. Const. art. X, § 12. A multifaceted standard of appellate review applies. First, as in other civil matters, deference must be given to the Commission's factual findings, which should not be disturbed unless

6

manifestly erroneous or clearly wrong. Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the appellate court should not modify the Commission's decision unless it is arbitrary, capricious, or characterized by an abuse of discretion. *Bannister* [*v. Dep't of Streets*], 95-404 at p. 8, 666 So.2d [641] at 647 [(La. 1996)]. Arbitrary or capricious means there is no rational basis for the action taken by the Commission. *Id.*

*Regis*, 2012-1043 at pp. 4-5, 107 So.3d at 793 (quoting *Harris v. Dep't of Fire*, 2008-0514, pp. 10-11 (La. App. 4 Cir. 7/16/08), 990 So.2d 54, 61-62, and (citing *Williams v. Dep't of Police*, 2008-0465, pp. 6-7 (La. App. 4 Cir. 10/22/08), 996 So.2d 1142, 1145-46), and *Bankston v. Dep't of Fire*, 2009-1016, p. 7 (La. App. 4 Cir. 11/18/09), 26 So.3d 815, 821-22); *See also Harris v New Orleans Police Dep't,* 2014-0993, pp. 7-8 (La. App. 4 Cir. 2/11/15) 165 So.3d 191, 197.

**DISCUSSION**

On appeal, the NOPD asserts that the Commission abused its discretion by determining that Officer McGaw:  1) did not fail to follow the orders to transport an arrestee; and 2) did not fail to activate his BWC in accordance with NOPD policy.

At the outset, we note that Officer McGaw admitted that he did not transport the suspect and that he did not activate his BWC.  Furthermore, the parties stipulated that if the misconduct occurred, it would have impaired the efficient operations of the NOPD.  Thus, the NOPD needed only to prove that misconduct occurred.

It is evident from the testimony before the Commission that Officer McGaw failed to follow the clear directives of the arresting officers.  Both Officer Cummings and Sgt. Laing informed Officer McGaw that they were the arresting officers, and they were taking care of the paperwork on the arrest.  They explained

to Officer McGaw that he was only there to handcuff, search, and transport the suspect. Sgt. Laing informed Officer McGaw that he did not need probable cause for the arrest because he was not the arresting officer. Despite these instructions, Officer McGaw continued to question his orders.

The instructions given to Officer McGaw by the arresting officers were reasonable and well-articulated, yet Officer McGaw failed to follow those orders in violation of NOPD policy. Additionally, it is clear that Officer McGaw violated NOPD policy by not activating his BWC despite being in such close proximity, *i.e.*, within video and audio range, to the arrested suspect that he was called to transport.

**CONCLUSION**

In applying the standard of review and legal precepts set forth above, we find that the record clearly demonstrates that legal cause for the disciplinary action was proven. Because the Commission's decision is not supported by the evidence, we must conclude that the Commission acted arbitrarily and capriciously in granting Officer McGaw's appeal.

Based on the foregoing, the decision of the Commission is reversed, and the discipline imposed by the NOPD upon Officer McGaw is reinstated.

**REVERSED AND RENDERED.**